IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-4HE, Asset-Backed Certificates, Series 2005-4HE, Without Recourse

   Plaintiff

v.

Ivan Luis Poblete
4401A Connecticut Avenue, N.W., #161
Washington, DC 20008

   and

1921 Rosedale Street Trust
4401A Connecticut Avenue, N.W., #161
Washington, DC 20008

   and

Warmoesstraat Trust
4401A Connecticut Avenue, N.W., #161
Washington, DC 20008

   and

John Doe and Jane Doe, unknown occupant(s) of 1921 Rosedale Street, N.E., Washington, DC 20002
Square 4527, Lot 0018
1921 Rosedale Street, N.E.
Washington, DC 20002

   Defendants

Civil Action No.: _____

## COMPLAINT

The Plaintiffs, U.S. Bank National Association, as Trustee for Terwin Mortgage Trust 2005-4HE, Asset-Backed Certificates, Series 2005-4HE, Without Recourse ("US Bank") through its attorneys, Aaron D. Neal, and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A., sue the Defendants and say:

## Overview

This cases arises from the filing of a series of frivolous lawsuits and the improper recordation of land instruments by the Defendants. Ivan Poblete is the former owner of 1921 Rosedale Street, N.E., Washington, DC 20002 (the "Property"). In 2010, the Property was sold to US Bank at foreclosure auction because Mr. Poblete failed to make his mortgage payments. In an effort to stall the foreclosure proceedings, Mr. Poblete filed a lawsuit, which was ultimately dismissed, and recorded several meaningless land instruments. Following the foreclosure, Mr. Poblete, individually and through the trust defendants, attempted to stop US Bank from taking and retaining possession of the Property by filing still more lawsuits and recording additional meaningless land instruments. Recently, Mr. Poblete filed an ejectment action seeking to retake title and possession of the Property. That suit was dismissed with prejudice by the DC Superior Court and the DC Court of Appeals upheld the dismissal on appeal. Mr. Poblete refused to release the *lis pendens* that he had filed and which he was required by law to release, and US Bank had to petition the DC Superior Court for their release.

Unfortunately, Mr. Poblete did not take the hint provided by the Court in dismissing his claims, and he proceeded to file a new *lis pendens* and some manner of deed in an attempt to cloud title to the Property and prevent US Bank from selling same. Additionally, some unknown man (presumably Mr. Poblete) changed the locks on the

Property and has physically prevented US Bank's agents from obtain access to the Property. Mr. Poblete's actions had their intended effect, as a pending sale of the Property fell through in large part due to his recordation of slanderous land instruments. US Bank simply seeks finality with respect to this property. Mr. Poblete has lost four lawsuits, yet he continues to slander US Bank's title and prevent US Bank from making use of the Property. Accordingly, US Bank seeks an order of this Court confirming the status of title and enjoining Mr. Poblete from filing additional lawsuits and land instruments.

### Parties, Jurisdiction and Venue

1. Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1332.
2. U.S. Bank is a national bank with its principal place of business in Minnesota.
3. The Defendants are adult individuals and/or alleged trusts who are citizens and residents of the District of Columbia.
4. The events which give rise to the claims brought in this case occurred in the District of Columbia.
5. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### Facts Common to All Counts

6. Ivan Luis Poblete ("Mr. Poblete") is the former record owner of certain real property commonly known as 1921 Rosedale Street, N.E., Washington, DC 20002 (the "Subject Property").
7. The Subject Property was (prior to the 2009 foreclosure) encumbered by a deed of trust (the "Subject DOT"), signed by Mr. Poblete on December 30, 2004, which secured a $272,800.00 purchase money loan (the "Subject Loan"). The Subject

DOT is recorded among the Land Records for the District of Columbia as Instrument No. 2005004064.

8. At some point, Mr. Poblete stopped paying his mortgage.

9. To stop the imminent foreclosure of the Property, Mr. Poblete filed the case styled <u>Luis Ivan Poblete v. First American Mortgage, Inc.</u>, *et al*, Case No. 2008 CA 004190 R(RP), in the Superior Court for the District of Columbia (the "First Case"). In the First Case, Mr. Poblete made generalized allegations of fraud with respect to the Subject Loan, the origination of same, and the conduct of Specialized Loan Servicing, LLC ("SLS") in accounting for his payments.

10. At the same time, Mr. Poblete was litigating a half dozen other cases before the US District Court for the District of Columbia, in which he sought to stop foreclosure proceedings brought by other lenders against other properties he owned.

11. The Property was sold at foreclosure auction on March 4, 2010, due to Mr. Poblete's failure to pay his mortgage. As required by law, foreclosure sale notices were recorded in the Land Records and mailed to Mr. Poblete on January 29, 2010.

12. On February 26, 2010 (after notice was mailed but before the sale), Mr. Poblete recorded a deed in the Land Records for the District of Columbia as Instrument No. 2010016338 which purports to transfer his interest in the Property to "1921 Rosedale Street Trust, Warmoesstraat Trust, Trustee". Upon information and belief, Mr. Poblete and his counsel were under the mistaken impression that

4

transferring the Property to a trust would somehow prohibit US Bank from ever foreclosing.[1]

13. On March 5, 2010, Mr. Poblete signed and filed (through counsel) as stipulation of dismissal of the First Case.

14. On April 21, 2010, a trustee's deed granting the Property to US Bank was recorded among the Land Records for the District of Columbia as Instrument No. 2010034145.

15. Following the recordation of the trustee's deed, US Bank took constructive possession of the Property. Shortly thereafter, US Bank made arrangements for the tenants to vacate the Property. Once the Property was vacated by all tenants and occupants, US Bank took sole physical possession of the Property.

16. On July 29, 2010, Mr. Poblete recorded a deed that appears to be the same deed as he recorded on February 26, 2010, in the Land Records for the District of Columbia as Instrument No. 2010066340.

17. On October 21, 2010, US Bank filed suit against Mr. Poblete and the two trusts to enjoin Mr. Poblete from continuing to trespass on the Property, in the case styled U.S. Bank N.A. v. Ivan Luis Poblete, *et al.*, 2010 CA 007952, in the Superior Court for the District of Columbia (the "Second Case"). Judgment was entered in favor of US Bank and against Mr. Poblete in the amount of $49,428.00 on March 18, 2011.

---

[1] US Bank assumes that Poblete and his counsel were relying on a seriously erroneous interpretation of 12 U.S.C. §1701j-3(d)(8), which permits transfers of real property to an *inter vivos* trust without invocation of a due on sale clause. US Bank is no aware of any law providing that transfer of real property to a trust is a permanent bar on foreclosure.

18. On May 20, 2011, an entity named Citycom Management LLC ("Citycom") filed an eviction proceeding styled <u>Citycom Management, LLC v. Jose Mendoza</u>, Case No. 2011 LTB 012792, in the Superior Court for the District of Columbia (the "Third Case"). Upon information and belief, Citycom was hired by Defendants to act as landlord with respect to the Property. Upon information and belief, Citycom was never a validly formed or registered corporate entity in DC, Maryland or Virginia.

19. When US Bank became aware of what Mr. Poblete was trying to do in the Third Case, it intervened and obtained an order from the DC Superior Court on March 20, 2012 confirming that it was the sole owner and proper landlord for the Property, rather than Mr. Poblete or Citycom.

20. On April 24, 2012, Mr. Poblete, through 1921 Rosedale Street Trust, filed an ejectment action against the securitized trust for which US Bank serves as trustee with respect to the Subject Loan, in the case styled <u>1921 Rosedale Street Trust v. Terwin Mortgage Trust</u>, Case No. 2012 CA 003577 B, in the Superior Court for the District of Columbia (the "Fourth Case").

21. On January 24, 2013, the Hon. John Ramsey Johnson dismissed Mr. Poblete's Amended Complaint in the Fourth Case with prejudice. A copy of that order is attached hereto as Exhibit 1.

22. The DC Court of Appeals affirmed the dismissal of the Fourth Case in an unpublished opinion. *See* Exhibit 2.

23. Thereafter, US Bank's counsel requested that Mr. Poblete execute releases of the *lis pendens* that he had recorded with regard to the Fourth Case. Mr. Poblete

refused and US Bank was required to seek and obtain an order from the DC Superior Court (in the Fourth Case) appointing a trustee to release the *lis pendens*. The Hon. John Ramsey Johnson granted US Bank's motion on August 27, 2014.

24. On September 18, 2014, Mr. Poblete recorded a "Deed of Removal of Trustee" in the Land Records for the District of Columbia as Instrument No. 2014085623 (the "New Deed"). In the New Deed, Mr. Poblete, in rather confusing fashion, attempts to grant the Property to himself. As a result of Mr. Poblete's recordation of the New Deed, the DC Tax Records were erroneously altered to show reflect Mr. Poblete as the owner of the Property.

25. On December 19, 2014, Mr. Poblete recorded yet another *lis pendens* in the Land Records for the District of Columbia as Instrument No. 2014117321, despite the fact that there was no litigation relating to the Property pending at that time.

26. Subsequently, US Bank attempted to go to closing on an arms-length sale of the Property to a third party. Due in large part to the slanderous filings and recordings made by Mr. Poblete, the sale was not consummated when the purchaser was unable to obtain a suitable title insurance commitment.

27. US Bank sent a real estate agent to check on the status of the Property on January 7, 2015. US Bank's agent was approached by a man (presumably Mr. Poblete) who advised that he had a deed for the Property and that he would not allow the agent to get access. Shortly thereafter, US Bank's agent checked on the Property again and found that the locks that US Bank had installed in the Property had been removed and that new locks had been installed by an unknown person.

28. US Bank does not now have access to the Property.

## Count One
(Permanent Injunctive Relief)

29. The Plaintiff incorporates by reference herein the content of all prior paragraphs.

30. The Defendants have acted to hinder, delay and impede the proper administration of justice before this Court by (i) abusing process against US Bank and its servicer, (ii) by filing frivolous lawsuits attempting to collaterally attack court orders, (iii) by filing frivolous lawsuits, motions, and appeals in the four litigations so as to cause US Bank to incur significant fees and expenses, and (iv) by recording false and slanderous instruments in the Land Records so as to hinder, delay or impede US Bank's ability to enforce its rights in the Property.

31. Mr. Poblete has continuously acted to hinder and harass US Bank, to extort money from US Bank, and to circumvent prior court rulings.

32. As a result of the actions of the Defendants, US Bank has incurred and will continue to incur substantial and unwarranted fees and costs in defending against said actions and will be prevented from selling the Property.

33. US Bank will continue to suffer substantial, immediate and irreparable injury if Mr. Poblete is not immediately restrained and enjoined from filing or continuing any proceedings against US Bank and from filing or recording slanderous land instruments.

34. US Bank reasonably believes that, absent injunctive relief as requested herein, Mr. Poblete will continue to file frivolous pleadings, motions and land instruments so as to continue causing damages to US Bank.

35. US Bank has no adequate remedy at law to prevent Mr. Poblete from continuing to resort to abuse of legal process and the land records to harass US Bank. No alternative sanction will serve to prevent further abuse by Mr. Poblete.

36. It is likely that US Bank will succeed on the merits of this action because Mr. Poblete's actions are vexatious, slanderous and harassing and the Court has the power to prevent Defendants and their agents from injuring third parties by misconduct and from collaterally attacking the rulings of this Court.

37. The relief sought herein is in the public interest.

38. Mr. Poblete has a history of litigation entailing vexation, harassment and needless expense to other parties, creating an unnecessary burden on the courts and their supporting personnel.

39. The Court has the inherent power to enjoin collateral attacks on its judgments and to protect itself and US Bank against the threat of onerous, multiplicitous, and baseless litigation.

WHEREFORE, US Bank demands that the Court grant a permanent injunction, striking any slanderous land instruments from the Land Records, enjoining Defendants from filing or pursuing any legal action in any court against US Bank regarding in any way to the Property, the Subject Loan, or the judgments entered in the prior cases, or recording any instrument in the Land Records relating to the Property, without prior leave from this Court.

### Count Two
(Declaratory Judgment)

40. US Bank incorporates by reference herein the content of all prior paragraphs.

41. US Bank is the legal owner of the Property.

42. The Defendants have continued to claim ownership of the Property, record false and slanderous documents among the Land Records, and to exclude US Bank from the use and possession of the Property to which it is entitled.

43. The Defendants' claims, assertions and slanderous recordings among the land records have created an actual and justiciable controversy between the parties with respect to their interests in the Property and right to possession of same.

44. This Court can resolve the controversy by issuing a decree adjudicating the rights of the parties to the Property.

WHEREFORE, US Bank demands declaratory relief in its favor finding that US Bank is the fee simple owner of the Property, that the Defendants have no legal right to own or occupy same, decreeing that any land records now recorded or recorded in the future by Defendants shall be of no force or effect with respect to the Property, and granting US Bank possession thereof.

### Count Three
(Ejectment)

45. US Bank incorporates by reference herein the content of all prior paragraphs.

46. US Bank is the legal owner of the Property by virtue of the deed arising from its trustees' foreclosure of the Property. After taking title to the Property, US Bank took sole physical possession of same.

47. Defendants have entered the Property and are wrongfully withholding possession of the Property from the Plaintiff.

48. US Bank is entitled to a judgment of possession in its favor and against the Defendants.

WHEREFORE, US Bank demands judgment in its favor and against the Defendants for an order granting possession in favor of US Bank and determining that US Bank is the fee simple owner of the Property.

### Count Four
(Conversion)

49. US Bank incorporates by reference herein the content of all prior paragraphs.

50. Defendants have broken into the Property without any right to occupy same and have destroyed US Bank's personal property, including door locks.

51. Defendants may have destroyed or otherwise converted other items of personal property owned by US Bank inside the Property, though US Bank cannot know the extent of Defendants' conversion until given access to the Property.

52. As a direct and proximate result of Defendants' acts of conversion, US Bank has lost the entire value of its chattels, including but not limited to the door locks which were removed and destroyed and/or stolen.

WHEREFORE, US Bank demands judgment in its favor and against Defendants, jointly and severally, for compensatory damages in the amount of $100,000.00, punitive damages in the amount of $100,000.00, plus reasonable attorneys' fees and costs, to be determined at trial.

### Count Five
(Quiet Title)

53. The Plaintiff incorporates by reference herein the content of all prior paragraphs.

54. US Bank is the legal owner of the Property.

55. Through recording land records, filing pleadings, and otherwise, Defendants have made improper claims to ownership of the Property.

56. Defendants' claims have clouded title to the Property.

57. US Bank is entitled to the removal of the cloud on title.

WHEREFORE, US Bank demands judgment in its favor and against the Defendants, quieting title in favor of US Bank with respect to any interest claimed by Defendants, plus reasonable attorneys' fees and costs, to be determined at trial.

## Count Six
(Slander of Title)

58. US Bank incorporates by reference herein the content of all prior paragraphs.

59. Defendants have made malicious, false communications to individuals and the public at large through the recordation of slanderous land instruments, oral communications, and court filings.

60. As a result of Defendants' false, malicious communications, US Bank has suffered damages in the form of a lost sale of the Property, the inability to sell the Property, and continued costs and expenses associated with owning and maintaining the Property (taxes, insurance, maintenance, etc.) that US Bank would not have incurred had Defendant's actions not prevented the sale of the Property.

WHEREFORE, US Bank demands judgment in its favor and against the Defendants, jointly and severally, for compensatory damages in the amount of $100,000.00, punitive damages in the amount of $100,000.00, plus reasonable attorneys' fees and costs, to be determined at trial.

## Count Seven
(Trespass)

61. US Bank incorporates by reference herein the content of all prior paragraphs.

62. US Bank is the legal owner of the Property and the only party entitled to physical possession of same.

63. Defendants have made unauthorized entry onto the Property and have interfered with US Bank's possessory interest therein.

64. Specifically, Defendants have entered the Property, changed the locks, and physically prevented US Bank for taking possession thereof.

65. US Bank has suffered actual and compensable damages in the form of use of and *mesne* profits from the Property due to Defendants' trespass..

WHEREFORE, US Bank demands judgment in their favor and against the Defendants, jointly and severally, for compensatory damages in the amount of $100,000.00, punitive damages in the amount of $100,000.00, plus reasonable attorneys' fees and costs, to be determined at trial.

Respectfully submitted,

McNamee, Hosea, Jernigan, Kim
Greenan & Lynch, P.A.

Aaron D. Neal – Bar No. 28566
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770
aneal@mhlawyers.com
Tel.   301-441-2420
Fax   301-982-9450

*Attorneys for the Plaintiff*