## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | |
| Plaintiff, | |
| v. | Civil Action No. 15-312 (BAH) |
| LUIS IVAN POBLETE, *et al.*, | |
| Defendants. | |

## <u>MEMORANDUM OPINION</u>

The parties have been in litigation involving no fewer than five lawsuits, including the instant lawsuit, for almost six years over the ownership of real property located in the northeast quadrant of Washington, D.C., and, consequently, this dispute has been the subject of thorough judicial review.  As discussed below, this litigation history points to the resolution of the pending motions before the Court.

The plaintiff, U.S. Bank National Association ("U.S. Bank"), as trustee for Terwin Mortgage Trust 2005-4HE, Asset-Backed Certificates, Series 205-4HE, Without Recourse ("Terwin Mortgage Trust"), initiated this action against Luis Ivan Poblete, a former mortgagor on a piece of commercial property, which U.S. Bank foreclosed in 2010, and two trusts, to which Poblete transferred his interest in the foreclosed property, and the "unknown occupants" of the foreclosed commercial property.  Compl. at 2 (Overview), ECF No. 1.  The plaintiff alleges that after the defendants lost several prior lawsuits disputing the legality of the foreclosure and the rightful owner of the foreclosed commercial property, the defendants unlawfully trespassed upon the foreclosed property, unlawfully converted the property, and interfered with the legal title of the foreclosed property.  *Id.*  ¶¶ 6, 11, 12, 24, 26, 27, 28.  The plaintiff seeks a permanent injunction enjoining "Defendants from filing or pursuing any legal action in any court against US Bank" for purposes of reopening previous litigation regarding the validity of the foreclosure, *id.*

¶ 39; a declaratory judgment that "US Bank is the fee simple owner of the Property," *id.* ¶ 44; ejectment of defendants from the foreclosed property, *id.* ¶ 48; quiet title to the foreclosed property, *id.* ¶ 57; and compensatory damages for the defendants' conversion of the foreclosed property, *id.* ¶ 52, the "Defendants' false, malicious communications," which prevented US Bank from selling the foreclosed property to a third-party, *id.* ¶ 60, and the defendants' trespass, *id.* ¶ 65.  Pending before the Court are the plaintiff's motion for partial summary judgment and motion to dismiss Poblete's counterclaims against US Bank and nine additional third-party defendants.[1]  *See* SLS and US Bank's Mot. Dismiss and/or for Summ. J. as to Poblete's "Counterclaims," and Mot. for Partial Summ. J. against All Defendants as to Counts Two, Three and Five of the Complaint ("Pl.'s Mot."), ECF No. 17.  For the reasons described below, the plaintiff's motion to dismiss the defendants' counterclaims and motion for partial summary judgment are granted.

## I.      BACKGROUND

On December 30, 2004, Poblete purchased a piece of commercial real estate located at 1921 Rosedale Street N.E., Washington, D.C. (the "Property").  Pl.'s Statement of Material Facts ("Pl.'s SMF") ¶ 1, ECF No. 17-16; Pl.'s Mot., Ex. 2 (Deed Transferring 1921 Rosedale Street Property to Poblete, dated Dec. 30, 2004), ECF No. 17-2.[2]  He financed this purchase with a

---

[1]        In addition to the plaintiff, the nine other counterclaim defendants include: Specialized Loan Servicing LLC ("SLS"), First American Mortgage Inc., American Title LLC, the attorney representing these three entities in a prior litigation involving the defendant, two attorneys and their law firms, which represented US Bank in this and prior litigation, and a real estate agent employed by US Bank.

[2]        Shortly after the plaintiff and SLS filed their pending motions, the Court instructed defendant Poblete to respond to plaintiff/counter-defendant US Bank and third-party defendant SLS's motion to dismiss his counterclaims, and motion for partial summary judgment on the plaintiff's complaint.  The Court directed defendant Poblete, who is proceeding *pro* se, to Local Civil Rule 7 and FED. R. CIV. P. 56, and specifically advised the defendant that "the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the plaintiff in support of its motion for summary judgment, unless Defendant Poblete submits his own affidavits or documentary evidence showing that the plaintiff's assertions are untrue."  Order, dated August 8, 2015 at 4 (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)), ECF No. 18.  Notwithstanding these clear instructions, defendant Poblete has  failed to comply with the Local Rules of this Court, which requires that a party opposing a motion for summary judgment submit a "concise statement of genuine issues setting forth all material facts as to which it is

mortgage from First American Mortgage Inc., negotiated by Specialized Loan Servicing, LLC and American Title, LLC (collectively "Loan Entities").  Pl.'s SMF ¶ 2; Pl.'s Mot., Ex. 3 (Compl., *Poblete v. First American Mortgage, Inc.*, 2008-CA-4190 (D.C. Sup. Ct. June 7, 2008) ("Pl.'s Compl. in First Case")) at 4–5, ECF No. 17-3; Pl.'s Mot., Ex. 15 (Pl.'s Mortgage Deed, dated Dec. 30, 2004) at 1, ECF No. 17-15.

In or around 2007, Poblete apparently fell behind his mortgage payments, and, on June 22, 2007, a first notice of foreclosure was recorded against him for the Property.  Pl.'s SMF ¶ 3; Pl.'s Mot., Ex. 1 (*1921 Rosedale Street Trust v. Terwin Mortgage* Trust, No. 13-CV-386, (D.C. Ct. App. Mar. 20, 2014) ("DCCA Opinion")) at 2, ECF No. 17-1.  A second notice of foreclosure followed on November 21, 2007.  Pl.'s SMF ¶ 3; DCCA Opinion at 2.

## A.      First Lawsuit in 2008

In an effort to stop the foreclosure sale, on June 7, 2008, Poblete filed, in the District of Columbia Superior Court, the first lawsuit pertaining to the Property against the Loan Entities, alleging "fraud and dishonest trade transactions and falsification of loan documents."  Pl.'s Compl. in First Case at 1; Pl.'s SMF ¶ 4.  During the pendency of the first lawsuit, Poblete, on December 25, 2009, signed a deed transferring the Property from himself to Warmoesstraat Trust, as Trustee for 1927 Rosedale Street Trust.  Pl.'s SMF ¶ 5; Pl.'s Mot., Ex. 4 (Deed Transferring the Property from Poblete to Rosedale Street Trust) at 1, ECF No. 17-4.  No consideration was exchanged for the transfer and the deed was not recorded at the time.  Pl.'s Mot., Ex. 4 at 1–2.

---

contended there exists a genuine issue necessary to be litigated."  LCvR 7(h)(1).  Instead, he submitted eight exhibits, including a letter to opposing counsel demanding discovery, a copy of the instant complaint, a substitute trustee's deed dated April 6, 2010, two deeds appointing substitute trustee, a blank Notice Concerning Fiduciary Relationship, and two online articles regarding judgments won against debt collectors.  *See generally* Def.'s Opp'n Pl.'s Mot. Dismiss Counterclaims and Mot. Partial Summ. J. ("Def.'s Opp'n"), ECF No. 20.  None of these exhibits raise any factual issue with the plaintiff's statement of material undisputed facts.  Consequently, the facts asserted as uncontroverted by the plaintiff are considered admitted.  *See* LCvR7(h)(1).

Unaware that Poblete had transferred the deed to a separate trust, US Bank, as Trustee for Terwin Mortgage Trust, which became the holder of the mortgage, sent Poblete, who remained owner of record for the Property, a third and final notice of foreclosure on January 29, 2010, advising Poblete that "in order to satisfy the debt secured by the . . . mortgage . . . the real property . . . will be sold at a foreclosure sale . . . on March 4, 2010." Pl.'s Mot., Ex. 12 (Third Notice of Foreclosure, dated Jan. 29, 2010) at 1, ECF No. 17-12; Pl.'s SMF ¶ 6. A month after this final notice of foreclosure, on February 26, 2010, the deed transferring the Property from Poblete to Warmoesstraat Trust, as trustee for 1921 Rosedale Street Trust was finally recorded. Pl.'s Mot., Ex. 4 at 2. Notwithstanding this purported transfer of ownership, on March 4, 2010, the Property was foreclosed by US Bank, as trustee for Terwin Mortgage Trust. Pl.'s SMF ¶ 8; Pl.'s Mot., Ex. 14 (Substitute Trustees' Deed, dated April 6, 2010), ECF No. 17-14.

On March 5, 2010, Poblete and the Loan Entities filed a stipulation dismissing the first lawsuit because Poblete "transferred his fee simple interest in the subject property to '1921 Rosedale Street Trust'[,] the underlying claims in this cause of action are now moot." Pl.'s Mot., Ex. 5 (Stipulation of Dismissal in First Lawsuit, dated Mar. 5, 2010) at 1, ECF No. 17-5. The plaintiff alleges that Poblete and the Trusts apparently believed that "transferring the Property to a trust would somehow prohibit US Bank from ever foreclosing" and, as a result, Poblete, through the Trusts, continued to claim ownership of the Property. Compl. ¶ 12.

### B.      Second Lawsuit in 2010

On October 21, 2010, US Bank, as trustee for Terwin Mortgage Trust, filed a lawsuit in D.C. Superior Court against Poblete and the two Trusts to "enjoin Mr. Poblete from continuing to trespass on the Property." *Id.* ¶ 17. After an *ex parte* hearing on the matter, on March 18, 2011, the Superior Court entered a judgment "in favor of US Bank and against Mr. Poblete in the

amount of $49,428." *Id.*; Docket, *US Bank National Association as Trustee for Terwin v. Poblete, Ivan Luis, et al*, 2010-CA-007952B (D.C. Sup. Ct.).

### C.    Third Lawsuit in 2011

The plaintiff alleges that Poblete promptly filed another lawsuit in D.C. Superior Court, through an unincorporated entity called Citycom, to evict the tenants residing in the Property and renting from the plaintiff.  Compl. ¶ 18, Pl.'s SMF ¶ 10.  On September 23, 2011, US Bank, as trustee for Terwin Mortgage Trust, once again asserted its rightful ownership of the Property, and intervened in Poblete's eviction action.  Docket, *Citycom Mgt, LLC v. Celestino Mendez, et al*, 2011-LTB-12792 (D.C. Sup. Ct.).  On the same day, the attorney for Citycom filed a motion to withdraw as counsel, which was granted.  *Id.*  On March 20, 2012, the D.C. Superior Court issued an order dismissing Citycom's case with prejudice, holding that US Bank, as trustee for Terwin Mortgage Trust, "is the true and sole owner of the property located at 1921 Rosedale St." Pl's Mot., Ex. 6 (Order Dismissing with Prejudice, *Citycom v. Celestino Mendez*, 2011-LTB-12792 (D.C. Sup. Ct. Mar. 20, 2012)), ECF No. 17-6.

### D.    Fourth Lawsuit in 2012

Even after this second judgment in favor of Terwin Mortgage Trust, Poblete and the Trusts continued to contest the ownership of the Property.  In the month following the dismissal of the third lawsuit, on April 24, 2012, 1921 Rosedale Street Trust filed a lawsuit against Terwin Mortgage Trust claiming "that the foreclosure of [the Property] deprived it of its right to the property because it purchased the property prior to the foreclosure, even though it failed to record the deed prior to foreclosure," and seeking ejectment, mesne profits and other damages. DCCA Opinion at 1.  On March 20, 2014, the D.C. Court of Appeals affirmed the D.C. Superior Court's dismissal of the case because the complaint "fail[ed] to provide pertinent facts showing

that it is entitled to possession, and thus has superior title to the property in question." *Id.* at 5. Specifically, the Court of Appeals found that because the "foreclosure was commenced prior to [1921 Rosedale Street Trust's] recordation of its deed, and after all notices of foreclosure were recorded and sent to the record owner at the time, i.e., Poblete," and "'[a] deed conveying an interest in real property is not effective . . . unless it is recorded,'" "thus [Terwin Mortgage Trust] neither 'wrongfully entered into possession,' nor 'wrongfully exercise[ed] acts of ownership.'" *Id.* at 6 (quoting *Clay Props., Inc. v. Wash. Post Co.*, 604 A.2d 890, 894 n.13 (D.C. 1992) and D.C. Code § 42-401). The Court of Appeals explained that D.C. Code §42-401 provides that deeds of transfer "'shall be held to take effect from the date of the delivery thereof, *except that as to creditors* and subsequent bona fide purchasers and mortgagees *without notice of said deed . . .*, it shall only take effect from the time of its delivery to the Recorder of Deeds for record." *Id.* (quoting D.C. Code §42-401) (emphasis in the original).

This third judgment in favor of Terwin Mortgage Trust still did not deter Poblete and the Trusts from continuing to assert ownership over the Property. On September 10, 2014, Poblete, as trustee for 1921 Rosedale Street Trust, removed Warmoesstraat Trust, represented by Poblete as agent and attorney in fact, as a trustee of the 1921 Rosedale Street Trust, and granted "legal title to the trust property," described as the property located at 1921 Rosedale Street, N.E. Washington, to Poblete himself, "as sole Trustee for the 1921 Rosedale Street Trust." Pl.'s Mot., Ex. 9 (Deed of Removal of Trustee, dated Sept. 10, 2014) at 1–2, ECF No. 17-9. This deed caused the D.C. Office of Tax and Revenue to reflect Poblete, as trustee for 1921 Rosedale Street Trust, as the owner of the Property. *See* Pl.'s Mot. Ex. 10 (DC Tax Records on the Property, retrieved in 2016), ECF No. 17-10.

On December 19, 2014, Poblete, as trustee, filed with the Recorder of Deed for the

District of Columbia a "Notice of Lis Pendens Motion for Relief to Recall Mandate Denying En

Banc Review, or in the Alternative, for Findings of Fact and Conclusion of Law and or in the

Alternative the Continuance of the Complaint for Ejectment and Recovery of Mesne Profits and

Damages" on the Property.  *See* Pl.'s Mot., Ex. 11 (Notice of Lis Pendens, dated Dec. 19, 2014)

at 1, ECF No. 17-11.  On January 7, 2015, "a real estate agent working with US Bank" was

checking on the Property when "an unidentified man . . . advised that he owned the Property and

that he would not allow the real estate agent access thereto."  Pl.'s SMF ¶ 22.  Additionally, the

locks installed on the Property by US Bank were removed and new locks were installed.  *Id.* ¶

21.

### D.       The Fifth, Instant Lawsuit

On March 3, 2015, in response to Poblete's actions, the plaintiff, acting as Trustee for

Terwin Mortgage Trust, filed the instant lawsuit against the Poblete, 1921 Rosedale Street Trust,

Warmoesstraat Trust, and "unknown occupant(s)" of the Property.  *See generally* Compl.[3]  On

June 5, 2015, after several months of attempted service, the plaintiff moved the Court, pursuant

to 28 U.S.C. § 1655, "to permit service via publication on the Defendants," Pl.'s Mot. for Service

via Publication and Posting as to All Defendants and to Extend Time for Service of Process

("Pl.'s Mot. for Service via Publication") at 1, ECF No. 7, because the plaintiff has been unable

to locate Poblete or the Trusts, who have "done their best to conceal their physical location,

doing business through a UPS Store mailbox and failing to include return addresses on pleadings

and papers filed with other courts," Pl.'s Mem. Supp. Mot. for Service via Publication at 1–2,

---

[3]      This Court has diversity jurisdiction over this lawsuit, under 28 U.S.C. § 1332(a), since the plaintiff, a
national bank has its principal place of business in Minnesota, and the defendants Poblete, 1921 Rosedale Street
Trust, Warmoesstraat Trust and the unknown occupants of the Property are all citizens of the District of Columbia,
and the amount in controversy exceeds $75,000.   Compl. ¶¶1–3, 52, 60, 65.

ECF No. 7-1.  The plaintiff's motion was granted, and service was completed on July 16, 2015, after six weeks of publication.  *See* Order Granting Pl.'s Mot. for Service by Publication, ECF No. 8; Line Filing Affidavit of Publication, ECF No. 10.

On July 23, 2015, Poblete filed his answer and counterclaims against the plaintiff and nine third-party defendants, including the Loan Entities.  *See generally* Def.'s Answer & Counterclaims ("Def.'s Counterclaims"), ECF No. 11.  On the same day, Poblete also filed a motion for recusal, *see* Def.'s Mot. for Recusal, ECF No. 12, and a motion to be heard by the Chief Judge, *see* Def.'s Mot. to be Heard by the Chief Judge, ECF No. 13.  Both motions were denied.  *See* Order Denying Def.'s Mot. for Recusal and Def.'s Mot. to be Heard by Chief Judge, ECF No. 14.  Poblete, however, never served his counterclaims on any of the third-party defendants, and the time for service lapsed on November 20, 2015.  *See* Fed. R. Civ. P. 4(m) (2007) (requiring service within 120 days of filing) (amended 2015, effective Dec. 1, 2015, to shorten time for service to within 90 days of filing).

On July 28, 2015, the plaintiff requested entry of an order of default from the Clerk of the Court against the two Trusts and the unknown occupants because they failed to respond to the Complaint.  *See* Pl.'s Mo. for Entry of Order of Default, ECF No. 15.  The Clerk entered an Order of Default as to these defendants on July 29, 2015.  Entry of Default, ECF No. 16.  On August 5, 2015, the plaintiff and one of the Loan Entities, SLS, which was not served with the counterclaims but "joins in US Bank's motion to dismiss as a matter of expedience," Pl.'s Mot. at 1 n.1, jointly filed a motion to dismiss the defendant's counterclaims, and the plaintiff alone moved for partial summary judgment.  *See generally* Pl.'s Mot.  These motions are ripe for resolution.[4]

---

[4]      While the plaintiff's motions were pending, defendant Poblete, attempted to "convey, transfer and assign [his] debts/liability to the Account of the United States of America for the Settlement and Closure of this case

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), to "encourage[] brevity," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007), and, at the same time, "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipses in original; citation omitted).  The Supreme Court has cautioned that although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) (quoting *Iqbal*, 556 U.S. at 678)).  A claim is facially plausible when the plaintiff pleads factual content that is more than "'merely consistent with' a defendant's liability," and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also Rudder v. Williams*, 666 F.3d 790, 794 (D.C. Cir. 2012).  Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a complaint must offer "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action" to provide "grounds" for "entitle[ment] to relief," *Twombly*,

---

pursuant to Title 12 USC 95 (a) 2-(2)."  Assignment and Transfer, ECF No. 23.  This attempted conveyance is nonsensical.  12 U.S.C. § 95a refers to the President's war-time powers and has no bearing on this case. Consequently, the plaintiff's Motion to Strike ECF No. 23, filed at ECF No. 24, is granted.

550 U.S. at 555 (alteration in original), and "nudge[ ] [the] claims across the line from conceivable to plausible," *id*. at 570; *see Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) ("Plausibility requires more than a sheer possibility that a defendant has acted unlawfully . . . ." (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 556)). Thus, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (second alteration in original).  In considering a motion to dismiss for failure to plead a claim on which relief can be granted, the court must consider the complaint in its entirety, accepting all factual allegations in the complaint as true, "even if doubtful in fact," *Twombly*, 550 U.S. at 555; *see also Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 68 (D.C. Cir. 2015), "but is not required to accept the plaintiff's legal conclusions as correct," *Sissel v. HHS*, 760 F.3d 1, 4 (D.C. Cir. 2014); *see Harris*, 791 F.3d at 68 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." (quoting *Iqbal*, 556 U.S. at 678)), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Harris*, 791 F.3d at 68 (alteration in original) (quoting *Iqbal*, 556 U.S. at 678); *Banneker Ventures*, 798 F.3d at 1129 (same).  In addition, courts may "ordinarily examine" other sources "when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated in the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc.*, 551 U.S. at 322.

Where, as here, the third-party-plaintiff is proceeding *pro se*, the court must "liberally construe[]" the claims, applying "less stringent standards than formal pleadings drafted by lawyers." *Abdelfattah v. DHS*, 787 F.3d 524, 533 (D.C. Cir. 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)); *Cutler v. HHS*, 797 F.3d 1173, 1179 (D.C. Cir. 2015)

(same).  Nonetheless, the *pro se* plaintiff must still "plead 'factual matter that permits [us] to infer more than the mere possibility of misconduct.'"  *Brown v. Whole Foods Market Group, Inc.*, 789 F.3d 146, 150 (D.C. Cir. 2015) (alteration in original) (quoting *Atherton v. D.C. Office of the Mayor*, 567 F.3d 677, 681–82 (D.C. Cir. 2009)); *Abdelfattah*, 787 F.3d at 533 (quoting *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011)).

### B.  Motion for Summary Judgment

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The moving party bears the burden to demonstrate the "absence of a genuine issue of material fact" in dispute, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), while the nonmoving party must present specific facts supported by materials in the record that would be admissible at trial and that could enable a reasonable jury to find in its favor, *see Anderson v. Liberty Lobby, Inc.* ("*Liberty Lobby*"), 477 U.S. 242, 248 (1986); *Allen v. Johnson*, 795 F.3d 34, 38 (D.C. Cir. 2015) (noting that, on summary judgment, appropriate inquiry is "whether, on the evidence so viewed, a reasonable jury could return a verdict for the nonmoving party" (internal quotations and citation omitted)).

"Evaluating whether evidence offered at summary judgment is sufficient to send a case to the jury," is "as much art as science."  *Estate of Parsons v. Palestinian Auth.*, 651 F.3d 118, 123 (D.C. Cir. 2011).  This evaluation is guided by the related principles that "courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment," *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam), and "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor," *id.* at 1863 (quoting *Liberty Lobby*, 477 U.S. at 255).  Courts must avoid making "credibility determinations or weigh[ing] the

evidence," since "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150–51 (2000); *see also Burley v. Nat'l Passenger Rail Corp.*, 801 F.3d 290, 296 (D.C. Cir. 2015). In addition, for a factual dispute to be "genuine," the nonmoving party must establish more than "[t]he mere existence of a scintilla of evidence in support of [its] position," *Liberty Lobby*, 477 U.S. at 252, and cannot rely on "mere allegations" or conclusory statements, *see Equal Rights Ctr. v. Post Props.*, 633 F.3d 1136, 1141 n.3 (D.C. Cir. 2011); *Veitch v. England*, 471 F.3d 124, 134 (D.C. Cir. 2006); *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993); *accord* FED. R. CIV. P. 56(e). If "'opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'" *Lash v. Lemke*, 786 F.3d 1, 6 (D.C. Cir. 2015) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). The Court is only required to consider the materials explicitly cited by the parties, but may on its own accord consider "other materials in the record." FED. R. CIV. P. 56(c)(3).

## III.   DISCUSSION

As noted, US Bank and SLS, one of the third-party defendants, have moved to dismiss Poblete's counterclaims, and US Bank has moved for summary judgment on three of its seven counts. *See generally* Pl.'s Mot. These motions are addressed *seriatim* below.

### A.     Motion to Dismiss Third-Party Plaintiff Poblete's Counterclaims

In response to US Bank's claims against him, Poblete brings eleven counterclaims against counter-defendant US Bank and nine third-party defendants, including the three Loan Entities, a real estate agent, three attorneys, and two law firms, who represented the Loan

Entities and US Bank during the foreclosure proceedings, seeking "Quiet Title to the property and $8,000,000.00." Def.'s Counterclaims at 17. [5]   The counterclaims contain only vague conclusory statements with little factual content, such as "Defendants used unfair/unconscionable means to foreclose illegally and unethically on [the Property] while Defendant [Poblete] was under assumption that the lower court had ruled and [one of the defendant attorneys] was dealing with integrity and not Scheming to foreclose using his friend and colleague [a second defendant attorney]." *Id.* at 9 (Count 2).   Moreover, some counterclaims appear to overlap, *compare id.* at 13 (Count 10) ("Defendants['] Civil Conspiracy to Commit Tortious Interference with Contractual Relations abuse of process, intentional infliction of emotional distress, Civil conspiracy to commit injurious falsehood with the complaint . . .") *with id.* at 16 (Count 11) ("Plaintiffs['] Civil Conspiracy to Commit Tortious Interference with Contractual Relations abuse of process, intentional infliction of emotional distress, Civil conspiracy to commit injurious falsehoods in the courts and by the foreclosure."), while other claims appear to contain multiple sub-claims, *see e.g.*, *id.* at 8 (Poblete alleges, under the same heading of Count 1, that "a Breach of Contract was created when [a defendant attorney] illegally foreclosed on [the Property] with no notification to Defendant," and "Defendant [Poblete] has been harmed by the false statements which are considered defamatory . . . ."). [6]

---

[5]     Third-party-plaintiff Poblete incorrectly numbered his claims, skipping the number nine.  Consequently, even though his last count is numbered "Count 12," it is, in fact, only the eleventh claim.  For clarity, Poblete's numbering is used to refer to his counterclaims.

[6]     Poblete's counterclaims also suffer from two procedural defects: failure to serve within the time limit allowed under Fed. R. Civ. P. 4(m), and failure to comply with LCvR 5.1(c)(1), which provides that the "first filing by . . . a party shall have in the caption the name and full residence address of the party. . . . if the party is appearing *pro se*, the caption shall also include the party's telephone number."  Neither of these procedural defects need be fatal, however.  *See Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."); LCvR5.1(c)(1) ("Failure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendants").  In any event, since Poblete's counterclaims are dismissed on alternate grounds, these procedural defects need not be further addressed.

"Liberally construing" the *pro se* litigant's counterclaims, these counterclaims have been organized into three categories of claims: claims related to the foreclosure, claims against the Loan Entities, and claims against US Bank and its attorneys regarding alleged "false statements" contained in the plaintiff's complaint filed in this action.  Each category of claims will be discussed in turn below.

### 1.      Claims Arising from the Foreclosure

Poblete alleges that the foreclosure on the Property was variously unlawful, Def.'s Counterclaims at 9 (Count 3); *id.* at 10 (Count 6); *id.* at 16 (Count 11); fraudulent, *id.* at 11 (Count 7); in breach of "fiduciary duty," *id.* at 10 (Count 5); and violated multiple laws, including the Fair Debt Collection Practices Act ("FDCPA"), *id.* at 9 (Count 2); the D.C. Consumer Protection Act, *id.* at 10 (Count 4); and twenty-seven criminal statutes, *id.* at 13–15 (Count 10).  US Bank and SLS posit that any claim related to the legitimacy of the foreclosure is barred by principles of *res judicata*, or claim preclusion.  US Bank & SLS's Mem. Supp. Mot. Dismiss & Partial Summ. J. ("Pl.'s Mem.") at 8–11, ECF No. 17-16.  The Court agrees with this position.

"Federal courts extend to state court judgments the same preclusive effect those judgments would receive in the originating state."  *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 857 (D.C. Cir. 2015) (citing 28 U.S.C. § 1738 and *Thomas v. Wash. Gas Light Co.*, 448 U.S. 261, 270 (1980)).  Therefore, because *1921 Rosedale Street Trust v. Terwin Mortgage Trust*, No. 13-CV-386, which US Bank and SLS argue has preclusive effect, was decided by the D.C. Court of Appeals, D.C. law determines the preclusive effect, if any, of that opinion.  Under D.C. law, *res judicata* applies if (1) "the claim was adjudicated finally in the first action;" (2) "the present claim is the same as the claim which was raised or which might have been raised in

the prior proceeding"; and (3) "the party against whom the plea is asserted was a party or in privity with a party in the prior case." *Price v. Indep. Fed. Sav. Bank*, 110 A.3d 567, 571 (D.C. 2014) (internal quotation marks omitted) (quoting *Calomiris v. Calomiris*, 3 A.3d 1186, 1190 (D.C. Cir. 2010)).

In *1921 Rosedale Street Trust v. Terwin Mortgage Trust*, the D.C. Court of Appeals affirmed the Superior Court's dismissal, for failure to state a claim, of the 1921 Rosedale Street Trust's assertion that it, rather than US Bank, was the rightful owner of the Property.  DCCA Opinion at 1.  Specifically, the D.C. Court of Appeals expressly held that 1921 Rosedale Street Trust "failed to show that it had valid and superior title to the property, or that [Terwin Mortgage Trust] wrongfully came into possession of the Property." *Id.* at 4.  In support, the Court of Appeals found that "foreclosure was commenced prior to [1921 Rosedale Street Trust's] recordation of its deed, and after all notices of foreclosure were recorded and sent to the record owner at the time, i.e., Poblete, and thus [Terwin Mortgage Trust] neither wrongfully entered into possession, or wrongfully exercised acts of ownership." *Id.* at 6 (internal quotations omitted). Consequently, 1921 Rosedale Street Trust's claims for relief in the form of "ejectment, and mesne profits and damages" were dismissed. *Id.* at 1.

The first element requiring a final adjudication is met because the prior lawsuit was dismissed for failure to state a claim. *Id.* at 1. This basis for dismissal constitutes a determination on the merits and "is accorded res judicata effect." *Ashton Gen. P'ship, Inc. v. Fed. Data Corp.*, 682 A.2d 629, 632 n.2 (D.C. 1996) (citing 2A J. MOORE, MOORE'S FEDERAL PRACTICE, ¶ 12.07, at 12-83).

The second element is also met because the present claims alleging the unlawfulness of the foreclosure are the same claims "which w[ere] raised or which might have been raised in the

prior proceeding." *Price*, 110 A.3d at 571.  The prior litigation sought to challenge the lawfulness of the foreclosure by Terwin Mortgage Trust on the Property by alleging that "[o]n March 4, 2010, the Defendants [US Bank as Trustee for Terwin Mortgage Trust] ousted the Plaintiffs [Warmoesstraat Trust as Trustee for 1921 Rosedale Street Trust] from the property, by foreclosure, took the Plaintiff's Title and excluded the Plaintiffs from the enjoyment and use of the property."  Pl.'s Ex. 7 (Compl., *1921 Rosedale Street Trust v. US Bank*, 2012-CA-3577 (D.C. Sup. Ct. Apr. 24, 2012)) ¶ 6, ECF No. 17-7.  Similarly, here, Poblete asserts counterclaims alleging, under different theories, that the same foreclosure was unlawful.  *See e.g.*, Def's Counterclaims at 7 ("The above defendants and defendant's representatives breached their contractual duty of good faith and fair dealing when they refused to provide the requested original Note. [T]he above defendants Breach of Contract includes not limited to their involvement with breaking the chain of title and creating a situation where Defendant [Poblete] did not have proper title to the home."); *id.* at 9 ("The foreclosure acts and actions in this Scheme were and are malicious, violent, oppressive, fraudulent, wanton, or grossly reckless.").  In other words, the pending counterclaims and the prior litigation arise from the same factual transaction, and the counterclaims Poblete brings now could have been, and should have been, brought in the prior litigation.  *See Herbin v. Hoeffel*, 806 A.2d 186, 193 (D.C. 2002) (citing *Leslie v. Laprade*, 726 A.2d 1228, 1230 (D.C. 1999)).

The last consideration is whether the current counterclaims are asserted against the same party "or in privity with a party in the prior case."  *Price*, 110 A.3d at 571.  "A privy is one so identified in interest with a party to the former litigation that he or she represents precisely the same legal rights in respect to the subject matter of the case."  *Id.* (quoting *Smith v. Jenkins*, 562 A.2d 610, 615 (D.C. 1989)).  The D.C. Court of Appeals specifically recognized that privity

exists and a non-party can be precluded if "certain legal relationships exist between the non-party and the party to the prior judgment (*e.g.*, assignor and assignees, successive property owners, bailor and bailee)," if the litigant in the prior suit has the "same interest (*e.g.*, class action and suits by trustees, guardians and other fiduciaries)" as the non-party against whom preclusion is sought, or if "the non-party assumed control over the prior litigation." *Franco v. District of Columbia*, 3 A.3d 300, 305–06 (D.C. 2010) (citing *Taylor v. Sturgell*, 553 U.S. 880, 893–95 (2008)).

All three third-party-defendants named in Poblete's foreclosure-related counterclaims are in privity with Terwin Mortgage Trust, which is the entity named as the defendant in the prior litigation.[7]  Counter-defendant US Bank, as Trustee for Terwin Mortgage Trust, plainly "stands in the shoes" as the defendant in the prior lawsuit.  *Compare* Def.'s Counterclaims at 1 *with* Compl. for *1921 Rosedale Street Trust v. Terwin Mortgage Trust* at 1.  Attorney Howard Bierman, and by association his law office, BWW Law Group, are in privity with Terwin Mortgage Trust, the defendant in the prior lawsuit, because attorney Bierman was appointed Substitute Trustee for Terwin Mortgage Trust.  *See* Def.'s Opp'n Pl.'s Mot. ("Def.'s Opp'n"), Ex. C (Deed of Appointment of Substitute Trustee, dated Oct. 26, 2007) at 30, ECF No. 20; *see Franco*, 3 A.3d at 305 (parties are in privity if one is the trustee for another and, therefore, have the "same interests").

---

[7]     A real estate agent was named as a defendant in the caption of Poblete's instant counterclaim but never referenced in any of the claims.  She is alleged to be "an agent of the claimed owners of the property," *i.e.,* Terwin Mortgage Trust, and she allegedly "interfer[ed] with prevailing contracts with the tenant[s of the Property] and trespassing on the [P]roperty to change locks."  Def.'s Counterclaims at 5.  To the extent Poblete asserts any claim against this real estate agent, those claims are also barred by *res judicata* because the prior decision on the merits in favor of Terwin Mortgage Trust, her principal, "concerned a matter within the agency."  *Major v. Inner City Prop. Mgmt., Inc.*, 653 A.2d 379, 381 (D.C. 1995) (quoting *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 637 F. Supp. 1333, 1341 (N.D. Ill. 1986)).

Additionally, third-party-plaintiff Poblete is in privity with 1921 Rosedale Street Trust, the plaintiff in the prior litigation. Poblete is the trustee for 1921 Rosedale Street Trust and, as a result, not only has the "same interest" as 1921 Rosedale Street Trust, but also controlled the prior litigation. *See* Deed of Removal of Trustee, dated Sept. 10, 2014 (naming Poblete as the Trustee of 1921 Rosedale Trust). Consequently, all three elements are met and *res judicata* applies to all of Poblete's counterclaims that arise from the foreclosure.

Poblete opposes dismissal because he claims that "substantive issues," presumably the counterclaims he brings now, "have never been settled on the merits" and, thus, he deserves "the right to full discovery as a defendant and counter-plaintiff." Def.'s Opp'n ¶ 8. The D.C. Court of Appeals has made clear, however, "[i]t is the factual nucleus, not the theory upon which [the] plaintiff relies, which operates to constitute the cause of action for claim preclusion purposes." *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 887 (D.C. 1998) (quoting *Stutsman v. Kaiser Found. Health Plan of the Mid-Atlantic States, Inc.*, 546 A.2d 367, 369-70 (D.C. 1988)). Therefore, even if he did not bring these exact "issues" in the past, the factual nucleus, the circumstances of the foreclosure, from which these counterclaims arise, have already been litigated in *1921 Rosedale Street Trust v. Terwin Mortgage Trust.* The D.C. Court of Appeals' dismissal on the merits of that prior case bars relitigation now of *any* claims arising from the foreclosure.

### 2.      Claims Against the Loan Entities

Poblete also brings counterclaims against the Loan Entities and their lawyers, which claims are distilled to rest on the following allegations: (1) breaching a "contractual duty of good faith and fair dealing when they refused to provide the requested original Note" and "breaking the chain of title and creating a situation where Defendant [Poblete] did not have proper title to

the home," and assisting US Bank and its attorneys to "illegally foreclose[] on [the Property] with no notification to Defendant [Poblete]," Def.'s Counterclaims at 7–8 (Count 1); (2) violating the FDCPA by scheming with others to "foreclose illegally and unethically," *id.* at 9 (Count 2); (3) making fraudulent representations to Poblete to induce him to enter into a stipulated dismissal in his lawsuit against the Loan Entities, and enable "the other party to be able to Foreclose on Defendant [Poblete]'s home and gain financially," *id.* at 11 (Count 7); and (4) failing to "use reasonable care to protect the Chain of Title," and thereby negligently inflicting emotional distress, *id.* at 12 (Count 8).  US Bank and SLS argue, and the Court agrees, that all of these claims are barred by statutes of limitation.  Pl.'s Mem. at 12.

The alleged offensive acts are related to the foreclosure, which took place on March 4, 2010, more than five years before the filing of these counterclaims.  The D.C. statute of limitation, D.C. Code § 12-301, requires actions arising in contract, fraud and negligence to be brought within three years "from the time the right to maintain the action accrues."  *See* D.C. Code § 12-301 (7) & (8).  The FDCPA has a one-year statute of limitations.  15 U.S.C. § 1692k(d).  Therefore, the statutes of limitation have lapsed for at least two years on all of these claims against the Loan Entities and their attorney.

### 3.    Counterclaims against US Bank for False Statements

Poblete also brings counterclaims against US Bank and its attorneys in this case for making false, defamatory statement such as "Defendant [Poblete] is filing 'Frivolous suits,'" Def.'s Counterclaims at 8 (Count 1), which false statements allegedly inflicted emotional distress upon Poblete, *id.* at 13 (Count 8), and for "us[ing] unfair/unconscionable means to try and intim[id]ate[] and scare Defendant [Poblete]," in violation of his "Federal and Constitution[al] rights under Title 42 § 1983," *id.* at 16 (Count 12).  Even if Poblete had adequately alleged that

statements in the complaint against him are false, his claims fail because "statements made . . . in the course of[] a judicial proceeding" are subject to "an absolute privilege . . . so long as the statements bear some relationship to the proceeding." *Oparaugo v. Watts*, 884 A.2d 63, 79 (D.C. 2005) (quoting *Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 338 (D.C. 2001)).  This "so-called judicial privilege applies to judges, court officers, attorneys, parties . . . ." *Id.* (citing PROSSER AND KEETON ON TORTS at 816–17 (5th ed. 1984)).

Though Poblete alleges that US Bank made "many" false statements in its Complaint, he has only proffered a single statement that he identifies as false: that Poblete has filed "frivolous suits." Def.'s Counterclaims at 8.  This statement was made in support of US Bank's abuse of process claim, seeking a permanent injunction against Poblete and the defendant Trusts, for which Poblete acts as Trustee, "striking any slanderous land instruments from the Land Records, enjoining Defendants from filing or pursuing any legal action in any court against US Bank regarding in any way to the Property. . . without prior leave from this Court." Compl. ¶¶ 30, 39. Therefore, the allegedly false statement, even if it is false, bears more than just "some relationship to the proceeding," and is subject to absolute privilege.  In other words, this statement cannot be the basis for any of Poblete's counterclaims.[8]

Accordingly, for the reasons stated above, none of Poblete's counterclaims survive scrutiny under applicable legal rules and must be dismissed against all defendants.

---

[8]     To the extent that Poblete's "Section 1983" claim against US Bank is based on acts other than the false statements, it fails for failure to state a claim because he does not, and cannot, allege that US Bank was acting "under color of any statute, ordinance, regulation, custom, or usage of . . . the District of Columbia."  42 U.S.C. § 1983.  Nor does he allege the specific "unfair/unconscionable means" that US Bank utilized to "try and intim[id]ate[] and scare" him, Def.'s Counterclaims at 16, leaving this claim barren of any supporting factual allegations.

### B.      Motion for Partial Summary Judgment

The plaintiff US Bank, as Trustee for Terwin Mortgage Trust, moves for summary judgment on its claims (1) to quiet title against the defendants who "have made improper claims to ownership of the Property," Compl. ¶ 55 (Count V) and (2) to eject the defendants who have "entered the Property and are wrongfully withholding possession of the Property," *id.* ¶ 47 (Count III).[9]  The plaintiff's entitlement to summary judgment on Counts III and V is discussed *seriatim* below.[10]

### 1.      Quiet Title

The plaintiff's action to quiet title to the Property against the defendant must be granted because this issue has already been conclusively decided by the D.C. Court of Appeals in *1927 Rosedale Street Trust v. Terwin Mortgage Trust.*  US Bank does not argue that collateral estoppel, or issue preclusion, applies here, but "'*sua sponte* consideration is proper,'" "'[s]ince the doctrine of collateral estoppel, like res judicata, belongs to courts as well as to litigations.'"

---

[9]        Plaintiff's Count II seeks a declaratory judgment that "US Bank is the fee simple owner of the Property, that the Defendants have no legal right to own or occupy same, decreeing that any land records now recorded or recorded in the future by Defendants shall be of no force or effect with respect to the Property, and granting US Bank possession thereof."  Compl. ¶ 44.  A declaratory judgment "is not cognizable as a separate cause of action, but is more properly included in the [] prayer for relief."  *Intelsat USA Sales Corp. v. Juch-Tech, Inc.*, 935 F. Supp. 2d 101, 120 (D.D.C. 2013) (citing *Walpin v. Corp. for Nat. & Cmty. Serv.*, 718 F. Supp. 2d 18, 24 (D.D.C. 2010); *see also C &E Servs., Inc. of Washington v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002) ("the Declaratory Judgment Act 'is not an independent source of federal jurisdiction'" but only "presupposes the existence of a judicially remediable right" (quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960))).  Moreover, the declaratory judgment the plaintiff seeks is to clarify the plaintiff's rights to the Property as the "fee simple owner of the property," and to remove any cloud upon the title of the Property recorded by the Defendants.  Compl. ¶ 44.  In essence, the plaintiff seeks a declaratory judgment that is duplicative of its ejectment and quiet title claims, and, therefore, plaintiff's Count II need not be separately addressed.  *See Kassman v. Am. Univ.*, 546 F.2d 1029, 1034 (D.C. Cir. 1976) ("Where there has been only one injury, the law confers only one recovery, irrespective of the multiplicity of parties whom or theories which the plaintiff pursues.").
[10]        Defendant Poblete argues at the outset that he "was not served properly" and only became aware of the complaint "through the grace of a friend informing him of the notice in the paper."  Def.'s Counterclaims at 3.  This argument is unavailing.  After "numerous" attempts to serve defendant Poblete "at his last known address . . . and at the address he listed in his most recent . . . deed," the plaintiff moved for alternative service by publication pursuant to 28 U.S.C. § 1655, Pl.'s Mot. for Service via Publication at 1, which specifically permits service by publication in an action to "remove . . . cloud upon the title to real . . . property," where a defendant "cannot be served," 28 U.S.C. § 1655.  *See* Order Granting Motion for Service by Publication, ECF No. 8.

*Amore ex rel. Estates of Amore v. Accor. S.A.*, 484 F. Supp. 2d 124, 129 (D.D.C. 2007) (quoting *Burlington Res. Oil & Gas Co. v. U.S. Dep't of the Interior*, 21 F. Supp. 2d 1, 4 n.4 (D.D.C. 1998)).  The purpose of collateral estoppel is to "conserve judicial resource, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and . . . prevent serial forum-shopping and piecemeal litigation."  *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

Collateral estoppel "bars relitigation of an issue of fact or law when '(1) the issue is actually litigated; (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; and (4) under circumstances where the determination was essential to the judgment, and not merely dictum.'"  *Walker v. FedEx Office & Print Servs.*, 123 A.3d 160, 164 (D.C. 2015) (quoting *Hogue v. Hopper*, 728 A.2d 611, 614 (D.C. 1999)).  Additionally, the principle of collateral estoppel may be used "offensively" by a plaintiff.  *In re Wilde*, 68 A.3d 749, 762 (D.C. 2013) ("[T]he offensive use of collateral estoppel is a generally accepted practice in American courts." (quoting *Bar Counsel v. Bd. of Bar Overseers*, 420 Mass. 6, 9 (1995))).

In *1927 Rosedale Street Trust v. Terwin Mortgage Trust*, the D.C. Court of Appeals dismissed 1927 Rosedale Street Trust's ejectment action against US Bank, as trustee for Terwin Mortgage Trust, precisely because the court found, after full opportunity for litigation by the parties, that US Bank, as trustee for Terwin Mortgage Trust, is the rightful owner of the Property and 1927 Rosedale Street Trust is not.  DCCA Opinion at 6. [11]  Resolution of this issue was

---

[11]    During the litigation resulting in the DCCA Opinion, Defendant Poblete and defendant Warmoesstraat Trust were both trustees of 1921 Rosedale Street Trust.  Deed of Removal of Trustee, dated Sept. 10, 2014 (defendant Poblete, as trustee of 1921 Rosedale Street Trust, removed defendant Warmoesstraat Trust as trustee from 1921 Rosedale Street Trust).

essential to the court's final judgment to affirm dismissal of the ejectment claim, which rested on a determination of which party had the superior claim.

Therefore, relying on the preclusive effect of the D.C. Court of Appeals' opinion in *1927 Rosedale Street Trust v. Terwin Mortgage Trust*, this Court finds that US Bank, as trustee for Terwin Mortgage Trust, is entitled to the Property as against the defendant 1927 Rosedale Street Trust, the defendant Poblete, who transferred his interest in the Property to 1927 Rosedale Street Trust in December 2009, and defendant Warmoesstraat Trust, which is no longer a trustee for 1927 Rosedale Street Trust. *See* Pl.'s Mot., Ex. 4; Deed of Removal of Trustee, dated Sept. 10, 2014. [12]

Accordingly, summary judgment is granted on Count V in favor of the plaintiff on its action to quiet title.

### 2.    Ejectment

A plaintiff, who brings an ejectment cause of action pursuant to D.C. Code § 16-1101, may prevail if he can "show that he is entitled, as against the defendant, to the immediate possession of the premises claimed, and that the defendant is . . . exercising acts of ownership over the premises, adversely to the plaintiff." D.C. Code § 16-1104. US Bank has satisfied both elements in the instant case.

The plaintiff meets the first element because, as discussed *supra* in Part III.B.1, US Bank, as opposed to the defendants, is entitled to the immediate possession of the Property. The plaintiff has also conclusively demonstrated the second element—that the defendant is "exercising acts of ownership over the premises, adversely to the plaintiff." D.C. Code § 16-

---

[12]    Defendant Poblete represents that he "will have to . . . convey [the Property] from Ivan Poblete as trustee to Ivan Poblete the man," but no such conveyance has been submitted. Def.'s Opp'n at 1. In any event, any such conveyance would be outside the chain of title because, as the D.C. Court of Appeals found, Poblete, as trustee of 1921 Rosedale Street Trust, has no interest in the Property to convey.

1104.  Defendant Poblete has indisputably exercised an "act of ownership over the premises," when he put a cloud on the title of the Property by filing a deed that purport to convey interest in the Property from Warmoesstraat Trust as trustee to himself as trustee.  *See* Deed of Removal of Trustee, dated Sept. 10, 2014; DC Tax Records on the Property, dated 2016 (showing defendant Poblete as owner of the Property due to a deed recorded on Sept. 10, 2014).

Accordingly, the plaintiff has conclusively demonstrated that it is entitled to a judgment of ejectment against the defendants.

## IV.	CONCLUSION

For the reasons outlined above, the plaintiff US Bank's motion for partial summary judgment as to Counts III and V is granted; US Bank and SSL's motion to dismiss the defendant's counterclaims is granted as to all third-party defendants; and US Bank's motion to strike the defendant's notice of assignment and transfer of debt and liability to the United States is granted.  US Bank and the defendants are directed to submit a joint meet and confer statement, pursuant to this Court's Standing Order ¶ 3, ECF No. 4, by April 1, 2016, regarding the resolution of the plaintiff's remaining claims in Counts I, IV, VI and VII against the defendants.

An appropriate order accompanies this Memorandum Opinion.

Date: March 18, 2016

_____
BERYL A. HOWELL
United States District Judge