**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | |
| Plaintiff, | |
| | Civil Action No. 15-312 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| LUIS IVAN POBLETE, *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

The plaintiff, U.S. Bank National Association ("U.S. Bank"), initiated this action against Luis Ivan Poblete, two trusts, and the "unknown occupants" of a commercial property foreclosed by U.S. Bank in 2010, alleging that the defendants unlawfully trespassed upon, converted, and interfered with the legal title of the foreclosed property.  *See generally* Compl., ECF No. 1. Pending before the Court are U.S. Bank's motion for discovery sanctions against Poblete, motion to modify the scheduling order, and motion to enter default judgment against the two trusts.  *See* Pl.'s Mot. Discovery Sanctions, Modify Sched. Order, & Enter Default J. ("Pl.'s Mot."), ECF No. 41.  For the reasons set forth below, U.S. Bank's motion for sanctions and motion for default judgment are granted, and U.S. Bank's motion to modify the scheduling order is granted as described below and is otherwise moot.

## I.   BACKGROUND

The background of this case is described in this Court's prior Memorandum Opinion regarding U.S. Bank's motion to dismiss Poblete's counterclaims and motion for partial summary judgment and, consequently, will be summarized only briefly here.  *See U.S. Bank Nat'l Assoc. v. Poblete (Poblete I)*, Civil Action No. 15-312 (BAH), 2016 WL 1089217 (D.D.C.

Mar. 18, 2016).  In 2004, Poblete purchased commercial real estate located at 1921 Rosedale

Street N.E., Washington, D.C. (the "Property").  *Id.* at *1.  On June 22, 2007, a first notice of

foreclosure was recorded against him for the Property, and a second notice followed on

November 21, 2007.  *Id.* at *2.  In an effort to prevent foreclosure, in 2008 Poblete filed a lawsuit

in D.C. Superior Court alleging fraud ("2008 Lawsuit").  *Id.*  While that lawsuit was pending,

Poblete signed a deed transferring the Property from himself to Warmoesstraat Trust, as trustee

for 1921 Rosedale Street Trust, (collectively, the "Trust Defendants"), but he did not record the

deed until February 26, 2010, after a third and final notice of foreclosure was sent to Poblete on

January 29, 2010.  *Id.*  The Property was foreclosed upon by U.S. Bank on March 4, 2010, and

the following day, Poblete stipulated to dismissal of the 2008 Lawsuit, apparently believing that

his purported transfer of the deed to the Property to a trust would prevent its foreclosure.  *Id.*

In October 2010, U.S. Bank filed a lawsuit in D.C. Superior Court against Poblete and the

two Trust Defendants to enjoin Poblete from trespassing upon the Property, which he continued

to claim as his own.  *Id.*  In March 2011, the Superior Court entered judgment against Poblete for

damages arising from the trespass.  *Id.*  Shortly thereafter, however, Poblete filed another lawsuit

in Superior Court to evict tenants renting the Property from U.S. Bank.  *Id.*  U.S. Bank

intervened in that action to assert its rightful ownership of the Property.  *Id.* at *3.  The Superior

Court dismissed the case with prejudice, holding that U.S. Bank is the rightful owner of the

Property.  *Id.*  Undeterred, 1921 Rosedale Street Trust filed a lawsuit in D.C. Superior Court

claiming that it was the rightful owner on the ground that Poblete conveyed the Property to the

trust prior to the foreclosure sale.  *Id.*  Affirming the Superior Court's dismissal of the case, the

D.C. Court of Appeals noted that the deed Poblete relied upon had not been recorded and thus was not effective. *Id.*

Notwithstanding these three judgments in favor of U.S. Bank, Poblete continued to assert ownership over the Property by recording an additional deed, preventing U.S. Bank's representatives from accessing the Property, and removing U.S. Bank's locks on the Property and installing new ones. *Id.* In response to these actions, U.S. Bank filed the instant lawsuit against Poblete and the Trust Defendants, seeking to enjoin the defendants from filing claims relating to the Property without leave of Court and recording instruments pertaining to the Property, a declaratory judgment as to the ownership of the Property, ejectment of the defendants, and to quiet title against the defendants, as well as damages for their conversion, slander of title, and trespass of the Property. *See generally* Compl. While the Trust Defendants have never appeared in this action, Poblete responded to the Complaint, filing an answer and counterclaims against U.S. Bank and nine third-party defendants, including U.S. Bank's counsel, as well as a motion for recusal and motion to be heard by the Chief Judge. The latter two motions were denied, and U.S. Bank requested entry of an order of default from the Clerk of Court against the Trust Defendants, which default was entered on July 29, 2015. *Poblete I*, 2016 WL 1089217, at *4.[1]

U.S. Bank then filed a motion for partial summary judgment on its claims to quiet title against the defendants and to eject the defendants from the Property, *see id.* at *10 & n.9, and,

---

[1] U.S. Bank also requested default against the "unknown occupants," but those defendants were not named in the Clerk's Order of Default. *See* Entry of Default, ECF No. 16. U.S. Bank has not mentioned the unknown occupant defendants in any of its subsequent pleadings to this Court.

jointly with one third-party defendant, a motion to dismiss Poblete's counterclaims, which motions were granted, *see id.* at *1, *4.

Pursuant to the Court's Order on U.S. Bank's motion to dismiss and for partial summary judgment, the parties were directed to meet and confer in accordance with Local Civil Rule 16.3 and file a report by April 1, 2016. *See* Order at 1–2, ECF No. 25. Seeking to comply with the Court's Order, U.S. Bank sent a letter to Poblete's address of record, which was delivered on March 22, 2016. *See* Pl.'s LCvR 16.3(D) Report, Ex. 2, ECF No. 27-2. In response, Poblete emailed U.S. Bank's counsel on March 28, 2016, and the parties proceeded to exchange a series of emails over the course of the next few days, in which Poblete requested U.S. Bank's consent to an extension until April 20, 2016, and U.S. Bank offered to consent to an extension of one week, which offer Poblete refused. *See id.*, Ex. 3, ECF No. 27-3. On March 30, 2016, U.S. Bank filed its own report with the Court, *see id.*, and Poblete filed a motion for an extension of time for forty-five days, *see* Mot. Extend Time Respond/Comply Order & Mem. Op., ECF No. 28. Poblete's motion was denied "in light of the plaintiff's timely filed [report] and the defendant's failure to confer in a timely manner with the plaintiff." Min. Order, dated Apr. 1, 2016. In that Order, the Court also issued a Scheduling Order, as required by Federal Rule of Civil Procedure 16(b), providing that "fact discovery shall be completed by June 30, 2016" and "caution[ed] all parties that failure to comply with discovery requests may result in sanctions, pursuant to Fed. R. Civ. P. 37, including the drawing of negative inferences and awarding of default judgment against the non-complying party." *Id.*

Rather than focusing on completing discovery within the three-month period set out in the Scheduling Order, Poblete began generating multiple miscellaneous and frivolous motions consuming the resources of this Court and opposing counsel. For example, on April 25, 2016,

Poblete filed a "Motion for Miscellaneous Relief," ECF No. 30, which was construed as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  In denying the motion, the Court explained it was untimely and, in any event, that its argument "that 'the Plaintiff's attorney has brought his action under a statutory scheme' that amounts to 'an act of Treason' is groundless."  Min. Order, dated Apr. 27, 2016.  Then, on May 24, 2016, U.S. Bank filed a Motion to Compel Defendant to Respond to Discovery.  *See* Pl.'s Mot. Compel Def. Resp. Discovery, ECF No. 31.  In support of that motion,  U.S. Bank explained that it "served interrogatories and document requests on Poblete on April 13, 2016," and "Poblete had until April 16, 2016 to respond to those discovery requests" under the applicable rules.  *Id.* at 1.  On May 19, 2016, U.S. Bank's counsel "sent Poblete an email inquiring as to the status of the responses and offering a brief extension if Poblete contacted counsel by close of business the following day and agreed to provide complete responses."  *Id.*  Receiving no response, U.S. Bank's counsel sent a further email on May 23, 2016, advising Poblete that U.S. Bank intended to file a motion to compel Poblete to respond to discovery.  In response, Poblete sent an email stating, "Thank you [U.S. Bank's counsel] [b]ut I am going to be doing an appeal."  *Id.*, Ex. 5, ECF No. 31-5.

On the same day that U.S. Bank filed its motion to compel, Poblete filed with the Court two documents, both entitled "Praecipe to File UCC Affidavit of Publication," *see* ECF Nos. 32–33, which were stricken because they were "irrelevant to the resolution of this matter," Min. Order, dated May, 26, 2016.  In addition, Poblete filed a notice of appeal of the Court's Minute Order of April 27, 2016, denying Poblete's Motion for Miscellaneous Relief, *see* Notice Appeal, ECF No. 34, which appeal was dismissed by the D.C. Circuit on November 21, 2016, for lack of prosecution, *see* ECF No. 49-1.  In the absence of any response from Poblete to the motion to compel, on June 13, 2016, the Court directed Poblete to show cause by June 24, 2016, why U.S.

Bank's motion to compel should not be granted as conceded, as well as "why appropriate sanctions should not be imposed on the defendant for failure to comply with his discovery obligations." Min. Order, dated June 13, 2016. In that order, Poblete was specifically warned that "multiple sanctions are authorized to be imposed against a disobedient party for failure to obey a Discovery Order, including the award of default judgment." *Id.*

Instead of responding to the Court's order to show cause, Poblete filed or attempted to file a number of documents with the Court, each of which was either unintelligible, repetitive, or irrelevant. For example, on June 28, 2016, Poblete filed a "Writ of Error" stating, *inter alia*, that he is "claiming trespassing against the Respondents," as well as "that the Respondents were involved in executing Fraud and Distortion in the foreclosure proceeding," ECF No. 37, which the Court construed as a motion for reconsideration of the dismissal of Poblete's counterclaims and denied "for the reasons already stated" in the Court's prior Memorandum Opinion in this matter, Min. Order, dated June 28, 2016. The next day, Poblete mailed to the Court two documents, a "Praecipe to File Revocation of Power of Attorney," for which this Court denied leave to file, *see* ECF No. 38, and an "Amended Writ of Error," *see* ECF No. 39, repeating language from the earlier document entitled Writ of Error, ECF No. 37, which the Court again construed as a motion for reconsideration and denied, *see* Min. Order, dated June 29, 2016.

Having received no response to its order to show cause, on July 11, 2016, the Court granted U.S. Bank's motion to compel as conceded and provided that "the defendant shall respond to the plaintiff's propounded interrogatories and document requests by July 21, 2016. If the defendant fails to do so, appropriate sanctions shall be imposed, pursuant to Fed. R. Civ. P. 37, which sanctions may include the drawing of negative inferences and the award of default judgment against the defendant." Min. Order, dated July 11, 2016. Yet again, however, Poblete

failed to respond to the Court's order and instead, on July 15, 2016, filed an unintelligible and irrelevant document: a "Judicial Notice to Clerk of Court" attaching documentation purportedly reflecting a "lien by Luis Ivan Poblete who is a Private American International Organization, holder in due course, with superior claim against LUIS IVAN POBLETE which is a U.S. Bankrupt Citizenship Organization" in the amount of $999,999,999,999.00.  ECF No. 40.

On July 25, 2016, U.S. Bank filed a motion for sanctions against Poblete, a motion for default judgment against the Trust Defendants, and a motion for extension of time to file dispositive motions in light of Poblete's failure to respond to the discovery order.  Pl.'s Mot. at 1–4.  The Court ordered Poblete to respond to these motions by August 15, 2016, warning Poblete once again that "[f]ailure to comply in a timely manner will result in the imposition of appropriate sanctions, pursuant to Fed. R. Civ. P. 37, which sanctions may include the drawing of negative inferences and the award of default judgment against the defendants," and stayed the briefing schedule on dispositive motions pending the resolution of U.S. Bank's motions.  Min. Order, dated July 25, 2016.

Unfortunately, but in light of Poblete's actions thus far, perhaps unsurprisingly, Poblete failed to respond to this order, instead filing four irrelevant documents requiring the Court and U.S. Bank to expend resources unnecessarily.  On August 19, 2016, he filed a "Judicial Notice to the Court," ECF No. 44, providing that he "filed for involuntary Chapter 7 bankruptcy" and "all activity in this court should be on stay," which the Court construed as an invocation of the automatic stay requirement of 11 U.S.C. § 362(a) and denied in view of the bankruptcy court's dismissal of the action as nonmeritorious, *see* Min. Order, dated Sept. 6, 2016.  Also on August 19, 2016, Poblete filed a "Mandatory Judicial Notice," ECF No. 45, of the filing of a "WRIT OF MANDAMUS" in D.C. Superior Court against counsel for the plaintiff in this case, this Court,

the United States Marshal for the District of Columbia, and the United States Attorney for the

District of Columbia.  Then, on September 1, 2016, Poblete filed a "Judicial Notice," ECF No.

47, stating that Poblete is "giving notice of Indigenous Standing" and that "[t]his court is the

incorrect venue, because I am now protected by International Law," which filing was followed

the next day, on September 2, 2016, by an "Amended Writ of Error"—substantially similar to the

documents filed by Poblete at ECF Nos. 37 and 39—stating yet again that he is "claiming

trespassing against the Respondents" and "that the Respondents were involved in executing

Fraud and Distortion in the foreclosure proceeding," ECF No. 48.  These motions were construed

as motions for reconsideration and denied.

U.S. Bank's motion for sanctions, motion for default judgment, and motion to stay the

scheduling order are now ripe for consideration.

## II.    LEGAL STANDARD

### A.  Motion for Sanctions

Federal Rule of Civil Procedure 37 provides that a district court may order sanctions,

including a default judgment, for failure "to obey an order to provide or permit discovery."  FED.

R. CIV. P. 37(b)(2)(A).  "[T]hree basic justifications . . . support the use of dismissal or default

judgment as a sanction for misconduct."  *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C.

Cir. 1998).  "First, the court may decide that the errant party's behavior has severely hampered

the other party's ability to present his case," *i.e.*, "that the other party 'has been so prejudiced by

the misconduct that it would be unfair to require him to proceed further in the case.'"  *Id.*

(quoting *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1074 (D.C. Cir. 1986)).  A second

justification is "the prejudice caused to the judicial system when the party's misconduct has put

'an intolerable burden on a district court by requiring the court to modify its own docket and

operations in order to accommodate the delay.'" *Id.* (quoting *Shea*, 795 F.2d at 1075).

"[F]inally, the court may consider the need 'to sanction conduct that is disrespectful to the court and to deter similar misconduct in the future.'" *Id.* (quoting *Shea*, 795 F.2d at 1077). "A default judgment is inappropriate unless the litigant's misconduct is accompanied by 'willfulness, bad faith, or fault.'" *Wash. Metro Area Trans. Comm'n v. Reliable Limousine Serv., LLC*, 776 F.3d 1, 4 (D.C. Cir. 2015) (quoting *Founding Church of Scientology v. Webster*, 802 F.2d 1448, 1458 (D.C. Cir. 1986)).

"Though there is a 'strong presumption in favor of adjudications on the merits,'" *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 11 (D.D.C. 2013) (quoting *Shepherd v. ABC*, 62 F.3d 1469, 1475 (D.C. Cir. 1995)), default judgment is appropriate where defendants are "'essentially unresponsive part[ies]'" whose defaults are "'plainly willful, reflected by [their] failure to respond to the summons and complaint, the entry of default, or the motion for default judgment.'" *Id.* (citations omitted); *see also Wash. Metro. Area Transit Comm'n*, 776 F.3d at 6 (affirming default judgment where defendant argued that he was not participating in discovery because he was applying for a license at issue in the suit, and noting that "[l]itigants cannot pick and choose the legal proceedings they want to participate in at any given time"). Default judgment is the "'sanction of last resort,' to be used only when less onerous methods (for example, adverse evidentiary determinations or other 'issue-related sanctions') will be ineffective or obviously futile." *Webb*, 146 F.3d at 971 (quoting *Shea*, 795 F.2d at 1075). Accordingly, the grant of default judgment must be based upon a finding of "clear and convincing evidence of misconduct" and accompanied by "a specific, reasoned explanation for

rejecting lesser sanctions, such as fines, attorneys' fees, or adverse evidentiary rulings."

*Shepherd*, 62 F.3d at 1478.

### B. Motion for Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a); *see* 10A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2682 (3d ed. 1998) ("When the prerequisites of Rule 55(a) are satisfied, an entry of default should be made by the clerk without any action being taken by the court, . . . [as long as] the clerk [has] examine[d] the affidavits filed and [found] that they meet the requirements of Rule 55(a)."). "An entry of default is merely a formal matter and does not constitute the entry of judgment." Wright, *supra*, § 2682. Following the entry of default, judgment may be entered by the clerk or the Court, depending upon the circumstances of the case. *See* FED. R. CIV. P. 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." *Id.* 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." *Id.* 55(b)(2).

## III.   DISCUSSION

In the pending motions, U.S. Bank requests discovery sanctions in the form of a default judgment against Poblete, as well as default judgments against the Trust Defendants in light of their failure to defend against this action. The default judgments sought would resolve the remaining claims in the Complaint: Counts IV (Conversion), VI (Slander of Title), and VII

(Trespass) of its Complaint.[2]  The Court addresses the defendants' default before considering the judgment, reflecting the appropriate relief, if any, that will be entered in this case.

## A.  Default

### 1.  *Motion for Sanctions Against Poblete*

Default may be entered pursuant to Federal Rule of Civil Procedure 37(b)(2) when: (1) a party has failed to obey an order to provide or permit discovery; (2) one of the three *Webb* justifications for use of default judgment as a sanction has been met; and (3) lesser sanctions will not adequately deter and punish the misconduct.  *See Webb*, 146 F.3d at 971; *Shepherd*, 62 F.3d at 1478–79.  The Court addresses each of these requirements *seriatim* below.

### a.  *Poblete Failed to Obey a Discovery Order*

The Court may impose sanctions under Rule 37(b)(2) when a party has violated a production order issued by the Court.  *Webb*, 146 F.3d at 972 n.16.  In the instant case, the Court issued a Scheduling Order on April 1, 2016, directing the parties to complete discovery by June 30, 2016.  Then, in the face of Poblete's failure to respond to valid discovery requests at all, let alone in a timely fashion, and in response to U.S. Bank's motion to compel Poblete to comply with his discovery obligations, on June 13, 2016, the Court directed Poblete to respond by June 24, 2016, to the motion to compel and to explain why sanctions should not be imposed, cautioning him of the consequences of failing to comply with a discovery order.  *See* Min. Order, dated June 13, 2016.

---

[2]      Count I requests an injunction preventing the defendants from (1) making court filings related to the Property against U.S. Bank and (2) "recording false and slanderous instruments in the Land Records," Compl. ¶ 30, and thus amounts to a request for relief, rather than a standalone claim.  *See Kemp v. Eiland*, 139 F. Supp. 3d 329, 343 (D.D.C. 2015) ("[A] request for injunctive relief is a remedy and does not assert any separate cause of action." (internal quotation marks omitted)).  Consequently, the request set out in Count I is properly considered as part of the Court's analysis of the relief warranted in this case.

Consistent with his failure to comply with the Scheduling Order, Poblete failed to comply with the June 13, 2016 Order. Consequently, the Court granted U.S. Bank's motion to compel Poblete to respond to discovery, directing Poblete a second time to respond to U.S. Bank's discovery requests by July 21, 2016, and again warning him of the consequences of failing to participate in discovery. *See* Min. Order, dated July 11, 2016. Again, Poblete failed to comply with his discovery obligations.

U.S. Bank then filed the present motions for sanctions, modification of the scheduling order, and default judgment. The Court directed Poblete to respond, by August 15, 2016, and warned him for the third time of the consequences of failing to comply with the Court's orders. *See* Min. Order, dated July 25, 2016. While Poblete filed numerous documents with the Court during this time period, *see supra* Part I, in none of those filings did he respond to U.S. Bank's discovery requests or explain to the Court why sanctions should not be imposed. Accordingly, Poblete plainly meets the first requirement for entry of default judgment pursuant to Federal Rule of Civil Procedure 37.

### b. The Webb *Justifications Support Default Judgment*

The three basic justifications for sanctions in the form of a default judgment for a party's misconduct can be summarized as: (1) unfairness to the other party if it is required to proceed with the case; (2) prejudice to the judicial system caused by accommodating the delay due to a party's misconduct; and (3) the need to deter future similar misconduct and its concomitant disrespect for the judicial system. *See Webb*, 146 F.3d at 971. Each of these justifications

applies forcefully here, where a party has not only failed to produce any discovery whatsoever, but has compounded the resulting unfairness by making multiple irrelevant filings.

First, as U.S. Bank has explained, the information sought from Poblete is "necessary" to proceeding with its lawsuit because "[o]nly Poblete knows why he repeatedly slandered [U.S. Bank's] title and whether he had a 'good faith basis' for doing so that might be a defense" to U.S. Bank's claims. *Id.* at 2. Accordingly, Poblete's failure to provide any discovery has hampered U.S. Bank's ability to present its case. *See Perez v. Berhanu*, 583 F. Supp. 2d 87, 91 (D.D.C. 2008) ("Plaintiffs are unable to present their case for a merits resolution without any discovery from defendants; no such discovery is possible in the face of defendants' failure to respond to discovery requests or orders of this Court.").

Second, Poblete's failure to respond to discovery and penchant for instead filing irrelevant documents with the Court has stalled this litigation. *See Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005) (affirming default judgment under Federal Rule of Civil Procedure 55 where "the adversary process has been halted because of an essentially unresponsive party").

Third, Poblete's behavior has demonstrated a disrespect for the Court and a need to deter future misconduct. Federal Rule of Civil Procedure 16(b) requires the Court to issue scheduling orders, which orders assist federal courts in maintaining control of their dockets. By ignoring the Scheduling Order and then completely refusing to respond substantively to the Court's last three orders, as well as engaging in a practice of filing "notices" and other documents plainly intended to do nothing more than delay the resolution of this matter, Poblete has demonstrated utter disrespect for the Court's deadlines and a need to deter further noncompliance. *See Perez*, 583 F. Supp. 2d at 91 ("The extreme disregard defendants have shown for their discovery obligations and the schedule set by this Court shows that a court order to comply with deadlines or to take

some other corrective action is unlikely to deter future misconduct.").  Accordingly, the

circumstances here more than satisfy the second requirement for entry of default judgment

pursuant to Federal Rule of Civil Procedure 37.

### c.   *Lesser Sanctions Will Not Deter the Conduct*

Where, as here, a defendant has ignored multiple orders by the Court, and the Court's

express warning of default judgment, no lesser sanction is warranted.  Where default judgment is

merited, "the party typically has engaged in a pattern of disobedience or noncompliance with

court orders . . . and the noncompliance most often has prejudiced the opposing party, so that the

court concludes that no lesser sanction is warranted."  Charles Alan Wright *et al*., 6A FEDERAL

PRACTICE AND PROCEDURE § 1531 (3d ed. 2016) (discussing Federal Rule of Civil Procedure

16(f)).  Poblete's failure to respond to Court orders while nevertheless filing numerous irrelevant

documents demonstrates a "pattern of disobedience or noncompliance."  *SEC v. Hollywood

Trenz, Inc.*, 202 F.R.D. 3, 7 (D.D.C. 2001); *see also Nat'l Hockey League v. Metro. Hockey

Club, Inc.*, 427 U.S. 639, 642 (1976) (affirming default judgment rather than lesser sanctions

under Rule 37 where "[n]ot only did respondents fail to file their responses on time, but the

responses which they ultimately did file were found by the District Court to be grossly

inadequate").  Moreover, Poblete's practice of filing documents with the Court that are not

responsive to the Court's orders demonstrates that his failure to comply is willful.  *Cf. Societe

Internationale v. Rogers*, 357 U.S. 197, 212 (1958) ("Rule 37 should not be construed to

authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial

production order when it has been established that failure to comply has been due to inability,

and not to willfulness, bad faith, or any fault of petitioner.").  Consequently, the Court finds clear

and convincing evidence of misconduct and as the appropriate sanction, enters default judgment against Poblete on Counts Four, Six, and Seven of the Complaint.

### 2.  *Motion for Default Judgment Against the Trust Defendants*

Default judgment against the Trust Defendants is appropriate as well.  As noted above, the Trust Defendants were properly served with U.S. Bank's Complaint, and neither of these defendants has responded or otherwise defended against the action.  For this reason, the Clerk of the Court entered an Order of Default pursuant to Federal Rule of Civil Procedure 55(a) as to these two defendants on July 29, 2015.  Entry of Default, ECF No. 16.  In light of U.S. Bank's present motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b), the requirements for entry of a default judgment have been met.  Accordingly, U.S. Bank's motion for default judgment against the Trust Defendants is granted.

### B.  Judgment

"A defaulting defendant concedes all well-pleaded factual allegations as to liability," but a court may require additional evidence regarding the appropriate remedies.  *Al-Quraan v. 4115 8th St. NW, LLC*, 123 F. Supp. 3d 1, 1 (D.D.C. 2015); *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975) (requiring district court to "make an independent determination" before granting an injunction, "which is appropriately entered only after the exercise of a court's discretion, and upon a finding of the likelihood that the defendant would commit future violations if not enjoined"); *see also Carazani*, 972 F. Supp. 2d at 12 ("Although default judgment establishes the defaulting party's liability for every well-pleaded allegation in the complaint, it does not automatically establish liability in the amount claimed by the plaintiff."). "[U]nless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded."  *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)

(entering default judgment under Federal Rule of Civil Procedure 55(a)).  "[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment."  *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002); *see also United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (where damages were "not liquidated or capable of mathematical calculation," they "should not have been awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts").

U.S. Bank seeks injunctive relief against the defendants barring them from (1) "[f]iling or maintaining any legal proceeding against [U.S. Bank] or any agent, servant, servicer, employee, officer, attorney, corporate subsidiary or corporate parent of [U.S. Bank] without first seeking and obtaining authorization to do so," *i.e.*, a so-called "pre-filing injunction"; and (2) "[d]irectly or indirectly recording or attempting to record any documents relating to the Property, any agent, servant, servicer, employee, officer, attorney, corporate subsidiary or corporate parent of [U.S. Bank] with the District of Columbia Recorder of Deeds or any other governmental body that would accept such documents," "[m]aking any claim whatsoever to any right, title or interest in the Property, including any claim to possession," "[e]ntering the Property," or "[i]nterfering with the right of [U.S. Bank] and/or its successors-in-interest to quiet enjoyment of the Property." Pl.'s Proposed Order of Default J. at 2–3, ECF No. 42-1.  The appropriateness of the requested injunctions is addressed below.[3]

### 1.  *Pre-Filing Injunction*

"The constitutional right of access to the courts . . . is neither absolute nor unconditional." *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981).  If a litigant continuously abuses the judicial

---

[3]     U.S. Bank also seeks damages against the defendants for their conversion and slander of title of and trespass upon the Property, but has not yet specified the precise calculation of those damages or provided evidence

process by filing frivolous, duplicative, or harassing lawsuits, "a Court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (per curiam). "It is important, however, that in fashioning an appropriate remedy, the court take great care not to unduly impair a litigant's constitutional right of access to the courts." *In re Powell*, 851 F.2d 427, 430 (D.C. Cir. 1988). For this reason, before a court can enjoin a litigant from submitting additional filings, three steps are required. First, because "[d]ue process requires notice and an opportunity to be heard," a litigant must at least "be provided with an opportunity to oppose the entry of an order restricting him before it is entered." *Id.* at 431. Second, "[i]n keeping with the exigent nature of injunctions and the caution required in issuing injunctions, the district court should endeavor to create an adequate record for review." *Id.* Finally, the court must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* For the latter two prerequisites, "courts should consider the number and content of the filings, the similarity of the filings to previous actions, and 'whether the litigant is attempting to harass a particular adversary.'" *Gharb v. Mitsubishi Elec. Corp.*, 148 F. Supp. 3d 44, 56 (D.D.C. 2015) (quoting *In re Powell*, 851 F.2d at 431). "[T]he requisite finding of harassment or vexatiousness does not rest solely on some arbitrary threshold number of lawsuits filed but rather must also take account of the repetitiveness and nature of the claims." *Caldwell v. Obama*, 6 F. Supp. 3d 31, 51 (D.D.C. 2013).

With respect to the first prerequisite, Poblete has been put on notice by U.S. Bank's pleadings in this matter that U.S. Bank seeks an injunction restricting his ability to make filings

---

to support those calculations. Pl.'s Proposed Order of Default J. at 5. Consequently, should U.S. Bank pursue this relief, additional briefing on the appropriate measure of damages is required before that relief may be granted.

against it, and Poblete has had ample opportunity to oppose this request in briefing but has failed to do so.  *See Gharb*, 148 F. Supp. 3d at 56.

With respect to the latter two prerequisites, the record reflects the "frivolous [and] harassing nature" of Poblete's actions in making numerous filings related to the same underlying dispute over the Property.  *In re Powell*, 851 F.2d at 431; *see supra* Part I.  For example, as the prior decision in the instant case explains, Poblete is barred by *res judicata* and collateral estoppel from relitigating claims relating to the propriety of the foreclosure of the Property because those claims have already been resolved in several earlier decisions of the D.C. courts. *See Poblete I*, 2016 WL 1089217, at *7–*8, *10.  Nevertheless, since the issuance of the prior decision in this matter, Poblete has filed no fewer than three substantially similar documents contesting ownership of the Property.  *See* ECF Nos. 37, 39, 48 (each asserting that Poblete is "claiming trespassing against the Respondents" and "that the Respondents were involved in executing Fraud and Distortion in the foreclosure proceeding").  Poblete's continued assertion of repetitive, nonmeritorious claims is demonstrative of the frivolous and harassing nature of his actions throughout this litigation.

In addition to repetitive filings, Poblete has made filings entirely irrelevant to the present suit and apparently designed solely to delay the litigation, with the accompanying effect of wasting judicial resources.  *See* Mot. Misc. Relief, ECF No. 30 (asserting that U.S. Bank's suit amounts to an "act of Treason"); ECF Nos. 32–33 (denying leave to file two identical documents filed by Poblete plainly irrelevant to the instant case); Judicial Notice, ECF No. 40 (reflecting that Poblete filed a lien against himself in the amount of $999,999,999,999.00); Judicial Notice, ECF No. 44 (invoking the automatic stay required in the case of a pending bankruptcy action, in spite of the non-existence of a case warranting such a stay); Judicial Notice, ECF No. 47

(asserting "indigenous standing" rendering this Court "the incorrect venue" for this case).

Finally, Poblete has already filed an appeal in this matter, but it was dismissed for lack of

prosecution.  *See* Mandate U.S. Court of Appeals, ECF No. 49.  These numerous and meritless

filings create difficulties for courts managing their dockets and are vexatious and harassing to

both U.S. Bank and the Court.

Poblete's vexatious and harassing filings are not limited to this case.  The Court has

identified at least eight other cases initiated by Poblete as a response to legal action against him

to foreclose real property or recover for breach of contract.  Some of these lawsuits have as their

apparent aim the halting of the instant litigation to quiet title to the Property.  As one of Poblete's

recent filings in this matter reflects, *see* Mandatory Judicial Notice, ECF No. 45, Poblete filed an

action in D.C. Superior Court against this Court and counsel for U.S. Bank, among others, which

action was removed to federal court and then dismissed, *see Poblete v. U.S. Marshals Serv.*,

Civil Action No. 16-cv-01798 (APM), 2016 WL 7350043, *1–*2 (D.D.C. Dec. 19, 2016)

(dismissing *sua sponte* claims brought by Poblete against the United States Marshals Service;

Chief Judge Beryl A. Howell of this District Court; attorney Aaron Drew Neal; the law firm of

McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, P.A.; and Channing D. Phillips, the United

States Attorney for the District of Columbia arising from the litigation by U.S. Bank National

Association, represented by McNamee Hosea, against Poblete to quiet title to property it

acquired at a foreclosure auction).  As another of Poblete's recent filings reflects, *see* Judicial

Notice, ECF No. 44, Poblete filed an involuntary bankruptcy petition in the United States

Bankruptcy Court for the District of Maryland at Greenbelt and then sought a stay of the instant

litigation, but his bankruptcy petition was dismissed because Poblete, "as the sole petitioning

creditor, is an insider and therefore cannot meet the requirement[s]" of the applicable bankruptcy

statute, *see* Pl.'s Notice Term. Automatic Stay, Ex. 1, Order Dismissing Case, ECF No. 46-1.

Poblete has also filed an action attacking another litigation in this District against him arising

from a dispute over real property, which action was also dismissed.  *See Poblete v. U.S.*

*Marshals Serv.*, Civil Action No. 16-1800 (ABJ),  2016 WL 4769337, *1–*2 (D.D.C. Sept. 13,

2016) (dismissing *sua sponte* claims by Poblete against the United States Marshals Service,

Chief Judge Beryl A. Howell, the law firm Hessler Bianco, attorney Patrick Jules, and Channing

D. Phillips, the United States Attorney for the District of Columbia, arising from civil

foreclosure action brought by Residential Credit Opportunities Trust, which is represented by

Hessler Bianco, against Poblete).  In addition, he has filed an action to halt a litigation in

Superior Court against him for breach of contract, which action was dismissed.  *See Poblete v.*

*U.S. Marshals Serv.*, Civil Action No. 16-1799 (ABJ), 2016 WL 4769335, *1–*2 (D.D.C. Sept.

13, 2016) (dismissing *sua sponte* claims by Poblete against the United States Marshals Service,

Judges Michael L. Rankin and John M. Mott of the District of Columbia Superior Court, Chung

Hui Lo, Mark B. Sandground, Sr., Robert E. Cappell, and Channing D. Phillips, the United

States Attorney for the District of Columbia, arising out of a civil action filed by Lo against

Poblete in Superior Court).  He initiated an action against an individual through a document

entitled "Pleading in Chancery Equity," which action was dismissed because the pleading was

unintelligible to the Court.  *See Poblete v. Huilo*, 2017 U.S. Dist. LEXIS 12086, at *1–*2

(D.D.C. Jan. 30, 2017) (dismissing *sua sponte* Poblete's "Pleading in Chancery Equity" for

failure to comply with the pleading requirements of the Federal Rules of Civil Procedure).

Yet, there is more.  Poblete has also initiated at least three actions in this District against

various loan and finance entities alleging fraud in their dealings with him related to real property,

each of which was dismissed either for failure to comply with the pleading requirements of the

Federal Rules of Civil Procedure or as *res judicata*.  *See Poblete v. Goldberg*, 680 F. Supp. 2d

18, 19 (D.D.C. 2009) (dismissing case brought by Poblete against L. Darren Goldberg, James E.

Clarke, Renee Dyson, Ocwen Loan Servicing, America's Servicing Company, and U.S. Bank

National Association relating to foreclosure proceedings for failure to comply with the pleading

requirement of Federal Rule of Civil Procedure 8(a)); *Poblete v. Rittenhouse Mortg. Brokers*,

675 F. Supp. 2d 130, 132 (D.D.C. 2009) (dismissing case brought by Poblete against Aurora

Loan Services, LLC and Rittenhouse Mortgage Brokers alleging fraud and violations of the Real

Estate Settlement Procedures Act in mortgage financing for failure to plead fraud with

particularity as required by Federal Rule of Civil Procedure 9(b)); *Poblete v. Indymac Bank*, 657

F. Supp. 2d 86, 88 (D.D.C. 2009) (dismissing claims brought by Luis Ivan Poblete against

Ocwen Loan Servicing, LLC as barred by *res judicata* where complaint was nearly identical to a

previously dismissed complaint).

  These actions by Poblete amply support the issuance of a pre-filing injunction.

Accordingly, Poblete and any persons or entities acting at his behest, including the Trust

Defendants, are enjoined from any subsequent filing in any federal court or District of Columbia

Superior Court without first obtaining leave from this Court.  In seeking such leave, Poblete must

file a motion captioned "Application Pursuant to Court Order Seeking Leave to File."  The

motion must attach a copy of the proposed filing and today's Order accompanying this

Memorandum Opinion and must certify, under penalty of perjury, that (1) the claims raised are

new claims never before raised or disposed of by any federal court and (2) the claims are not

frivolous or made in bad faith.  *See Urban*, 768 F.2d at 1500.[4]

### 2. *Permanent Injunction*

"In determining whether to enter a permanent injunction, the court considers a modified

iteration of the factors it utilizes in assessing preliminary injunctions: (1) success on the merits,

(2) whether the plaintiffs will suffer irreparable injury absent an injunction, (3) whether,

balancing the hardships, there is harm to defendants or other interested parties, and (4) whether

the public interest favors granting the injunction."  *American Civil Liberties Union v. Mineta*,

319 F. Supp. 2d 69, 87 (D.D.C. 2004).

As discussed above, U.S. Bank has succeeded by default on the merits of the instant

action.  U.S. Bank has also shown that Poblete has repeatedly attempted to interfere with its

rights in the Property and will continue to do so in the absence of a permanent injunction.

Finally, an injunction would not harm others, and the public interest favors protecting against

further interference with U.S. Bank's property rights in the Property.  Accordingly, the Court

concludes that U.S. Bank is entitled to the permanent injunction it seeks.

## IV.   CONCLUSION

For the foregoing reasons, U.S. Bank's motion for discovery sanctions in the form of

default judgment against defendant Poblete and motion for default judgment against defendants

---

[4]      Pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  The statute's exception, commonly referred to as the "relitigation exception," permits "a federal court to enjoin a state court action where, in effect, the state court is asked to relitigate matters already determined by a federal court."  *Thomas v. Albright*, 77 F. Supp. 2d 114, 119–20 (D.D.C. 1999), *aff'd sub nom. Thomas v. Powell*, 247 F.3d 260 (D.C. Cir. 2001); *see also Chick Kan Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988) ("The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court.  It is founded in the well-recognized concepts of res judicata and collateral estoppel.").  Consequently, this exception applies in the present action to permit this Court's issuance of a pre-filing injunction against filings in D.C. Superior Court to the extent those filings are repetitive of claims already raised or disposed of by any federal court.

1921 Rosedale Street Trust and Warmoesstraat Trust are granted, and U.S. Bank's motion to modify the scheduling order is granted to the extent additional briefing on damages is required, and is otherwise moot.  U.S. Bank has alleged that it has suffered damages arising from the defendants' actions described in Counts IV, VI, and VII, but at this stage has provided no evidentiary support for the extent or amount of those damages.  Consequently, the plaintiff shall, by February 28, 2017, file any dispositive motion for damages arising from Counts IV, VI, and VII, along with supporting documentation, or the accompanying Order shall become final and appealable on that date.  If any such motion is filed, the defendants shall, by March 14, 2017, file any response to that motion, or the Court may deem the motion conceded; and the plaintiff, shall, by March 21, 2017, file any reply in support of that motion.

An appropriate order accompanies this Memorandum Opinion.

Date: February 14, 2017

_____
BERYL A. HOWELL
Chief Judge