# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>LUIS IVAN POBLETE, *et al.*,<br><br>Defendants. | Civil Action No. 15-00312 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM OPINION**

The defendant, Luis Ivan Poblete, lost his title to commercial real property located at 1921 Rosedale Street N.E., Washington, D.C. (the "Property"), through a foreclosure action in 2010 by the plaintiff, U.S. Bank National Association, but Poblete has continued to engage in actions designed to cloud title to his former property, in violation of a clear and unambiguous order entered in this case to cease such activity. *See* Order, dated Feb. 14, 2017, at 2, ECF No. 51 ("Feb. 2017 Order") (enjoining "Poblete and any persons or entities acting at his behest" from, *inter alia*, "(1) recording or attempting to record any documents relating to the real property located at 1921 Rosedale Street N.E., Washington, D.C. (the 'Property') with the District of Columbia Recorder of Deeds or any other governmental body that would accept such documents, (2) making any claim whatsoever to any right, title or interest in the Property, including any claim to possession, (3) entering the Property, and (4) interfering with the right of the plaintiff and/or its successors in interest to quiet enjoyment of the Property"). The plaintiff now moves to hold Poblete in civil contempt, Pl.'s Mot. Civ. Contempt ("Mot. Contempt"), ECF No. 63, which sanction is expressly authorized for a "disobedient party" under Rule 70(e) of the Federal Rules of Civil Procedure. Upon consideration of the plaintiff's motion and accompanying exhibits, Poblete's persistent history over a period of years of challenging

1

plaintiff's title to the Property, *see U.S. Bank N.A. v. Poblete*, No. 15-cv-312 (BAH), 2016 WL 1089217, at \*\*1–4 (D.D.C. Mar. 18, 2016) (describing Poblete's actions prompting multiple lawsuits to clear title to the Property), as well as the Poblete's obfuscating response to the instant motion, and the record as a whole, the motion is granted.

I.  **BACKGROUND**

The factual and procedural background of Poblete's efforts to retain title to the Property has been exhaustively summarized in prior decisions and will not be repeated here.  S*ee generally U.S. Bank N.A. v. Poblete*, No. 15-cv-312 (BAH), 2017 WL 598471 (D.D.C. Feb. 14, 2017); *Poblete*, 2016 WL 1089217.  Pertinent to the instant motion, the order entered on February 14, 2017, against all defendants became final on April 6, 2017.  *See* Order, dated Apr. 6, 2017, ECF No. 58.  As noted, this February 2017 Order enjoined the defendants from recording documents with the District of Columbia Recorder of Deeds relating to the Property or from making a claim of any interest in the Property.  Feb. 2017 Order at 2.

Notwithstanding the Court's February 2017 Order, on April 12, 2017, Poblete caused a document styled as a "UCC Financing Statement" bearing "Doc. # 2017040352" to be recorded with the Recorder of Deeds.  Mot. Contempt, Ex. 1, UCC Financing Statement ("Financing Statement"), ECF No. 63-1.  The Financing Statement purported to provide "public notice by Grantor [that] he is the FREE and CLEAR owner and holder of all rights, title, [and] interest" in the property, identifying the "Grantor" as a "he" and asserting that "LUIS IVAN POBLETE TRUST EIN#98-6084XX has COLLATERAL INVERSTMENT [sic] OF $300,000.00" in the property and was a secured creditor with respect to the property.  *Id.* at 1.

On April 13, 2017, the plaintiff's counsel, Aaron D. Neal, contacted Poblete via mail and email to remind Poblete of his obligations under the February 2017 Order and demand that

2

Poblete terminate the Financing Statement. Mot. Contempt, Ex. 2, Letter from Plaintiff's Counsel to Poblete (Apr. 13, 2017) at 1, ECF No. 63-2; Mot. Contempt, Ex. 3, Email Exchange Between Plaintiff's Counsel and Poblete at 2-3, ECF No. 63-3. On May 16, 2017, the plaintiff's counsel contacted Poblete by email once again to demand that Poblete terminate the Financing Statement. *Id.* at 1. The plaintiff's counsel received a response, sent from Poblete's email address, from a person purporting to be Poblete's assistant, indicating that Poblete would respond by certified mail. *Id.*

On May 23, 2017, the plaintiff moved for an order to show cause why the defendants should not be held in civil contempt, Mot. Contempt, which motion was granted on June 1, 2017, Minute Order, dated June 1, 2017 ("Show-Cause Order"). On June 12, 2017, Poblete filed a "Response to Order Dated 1 June 2017," stating the following two sentences: "COMES NOW, Poblete, Luis Ivan, a Private American National citizen of the united [sic] States of America who privately resides in a privately domicile outside of a Federal District in a non-military private estate located outside a Federal District not subject to the jurisdiction of the 'United States'. I am an American and not a Corporation." Defs.' Resp. Show-Cause Order at 1 ("Defs.' Resp."), ECF No. 64. This filing had two attachments purporting to be a claim against the plaintiff's counsel for "Denial of Rights Under Color of Law," *id.*, Ex. A, ECF No. 64, and a "Sworn Affidavit of Fact Conditional Acceptance of Proof of Claim," *id.*, Ex. B, ECF No. 64, neither of which addressed the Show-Cause Order.[1]

---

[1] Poblete subsequently submitted another unintelligible document to the Court on October 11, 2017, in which he purported to be "writing as the Beneficiary/Owner of LUIS IVAN POBLETE" and requesting that plaintiff's counsel be ordered "to pay all taxes due as a result of the case," which the Court denied leave to file. *See* Order, dated Oct. 11, 2017, ECF No. 67.

## II. LEGAL STANDARD

To enforce a judgment for a specific act, Federal Rule of Civil Procedure 70(e) provides that a court may hold a disobedient party in contempt. FED. R. CIV. P. 70(e). "In addition to sanctions contemplated by the Federal Rules of Civil Procedure, courts have an inherent power at common law . . . to 'protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments.'" *Parsi v. Daioleslam*, 778 F.3d 116, 130 (D.C. Cir. 2015) (quoting *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) and citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)); *see also Armstrong v. Exec. Office of the President, Office of Admin.*, 1 F.3d 1274, 1289 (D.C. Cir. 1993) ("[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966))).

"Civil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous, and the violation must be proved by clear and convincing evidence." *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006) (quoting *Armstrong*, 1 F.3d at 1289) (alterations omitted); *Salazar v. District of Columbia*, 602 F.3d 431, 442 (D.C. Cir. 2010) (noting that "'judicial contempt power is a potent weapon'" and, consequently, "[c]ivil contempt may be imposed only when the underlying order is clear and unambiguous." (quoting *Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967))). "In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." *Breen v. Tucker*, 821 F. Supp. 2d 375, 383 (D.D.C. 2011) (quoting *SEC v. Bilzerian,* 729 F. Supp. 2d 1, 4 (D.D.C. 2010) (quoting *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002))). The "party seeking to hold

another in contempt faces a heavy burden . . . ." *United States v. Volvo Powertrain Corp.*, 758 F.3d 330, 338 (D.C. Cir. 2014) (quotations and citations omitted).

**III. DISCUSSION**

To carry the burden of showing that the defendants should be held in contempt, the plaintiff must show, by clear and convincing evidence, that the defendants violated an order that was clear and unambiguous. The plaintiff here has met this burden.

First, the February 2017 Order was clear and unambiguous. This order expressly enjoined "Poblete . . . from (1) recording or attempting to record any documents relating to [the Property] with the District of Columbia Recorder of Deeds or any other governmental body that would accept such documents, (2) making any claim whatsoever to any right, title or interest in the Property, including any claim to possession." Feb. 2017 Order at 2. Second, the plaintiff has presented clear and convincing evidence that Poblete violated this order by recording the Financing Statement, which identified the "Luis Ivan Poblete Trust" as secured party with respect to the Property, Financing Statement at 1, with the District of Columbia Recorder of Deeds.

When given an opportunity and ample time to explain this violation of and noncompliance with the February 2017 Order, Poblete provided no excuse or justification but instead chose to obfuscate. *See SEC v. Bilzerian*, 112 F. Supp. 2d 12, 16 (D.D.C. 2000) ("Once the [movant] has made a prima facie showing that [the contemnor] did not comply with the Court's orders, the burden shifts to [the contemnor] to produce evidence justifying his noncompliance."). Poblete thus acted in blatant contempt of the February 2017 Order,

5

thereby compounding his actions over the past seven years to cloud title to the Property and warranting the imposition of civil contempt sanctions.[2] *See Broderick*, 437 F.3d at 1234.

Having determined that the defendants are in civil contempt, the only remaining question is the appropriate sanction to impose. The plaintiff observes that Poblete's other property appears to be in foreclosure, and that Poblete likely lacks sufficient assets to pay a monetary sanction. Mot. Contempt. ¶ 11 & n.1 (citing Poblete's effort to remove a judicial foreclosure proceeding from D.C. Superior Court to this Court in *Residential Credit Opportunities Tr. v. Poblete*, No. 16-cv-00561-BAH). In these circumstances, the plaintiff forbears from seeking monetary or further injunctive relief as "unlikely to deter future misconduct." *Id.* ¶ 11. Instead, the plaintiff seeks to void the Financing Statement and a declaration "that any further recordings made by [d]efendants with respect to the Property shall be void and of no force or effect." *Id*. ¶ 12. In addition, the plaintiff seeks appointment of plaintiff's counsel, Aaron D. Neal, as trustee for Poblete, pursuant to Federal Rule of Civil Procedure 70(a), "with authority to execute and record releases, termination statements, and any other instrument necessary to confirm that [d]efendants have no interest in the Property." *Id.*

In evaluating the propriety of the plaintiff's requested release, the Court is mindful that civil contempt sanctions are "calibrated to coerce compliance or compensate a complainant for losses sustained," not to "be punitive." *In re Fannie Mae Sec. Litig.*, 552 F.3d 814, 823 (D.C. Cir. 2009). "[A] primary aspect of" a district court's "discretion is the ability to fashion an

---

[2] No separate evidentiary hearing has been held with respect to Poblete's civil contempt citation. Unlike a criminal contempt charge, which triggers the full panoply of a criminal defendant's constitutional protections, a civil contempt citation requires only notice and an opportunity to be heard. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994). In a civil contempt proceeding, an opportunity to be heard does not require a separate evidentiary hearing where a defendant asserts no genuine issue of material fact. *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO-CLC*, 103 F.3d 1007, 1019–20 (D.C. Cir. 1997); *see also SEC v. Bilzerian*, 613 F. Supp. 2d 66, 73 (D.D.C. 2009) (determining that a defendant had been given "an opportunity to be heard" notwithstanding the fact that he had not received an evidentiary hearing). Poblete thus may be held in civil contempt even though no evidentiary hearing has been held.

appropriate sanction for conduct which abuses the judicial process." *Shepherd*, 62 F.3d at 1478; *see also United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, 36 (D.D.C. 2014) ("Courts have wide discretion in fashioning remedial sanctions for civil contempt." (internal quotation marks and alterations omitted)); *In re Dickinson*, 763 F.2d 84, 87 (2d Cir. 1985) (recognizing that district courts enjoy "wide discretion . . . in fashioning a remedy for civil contempt"); *SEC v. Wencke*, 622 F.2d 1363, 1371 (9th Cir. 1980) ("The Supreme Court has repeatedly emphasized the broad equitable powers of the federal courts to shape equitable remedies to the necessities of particular cases.").

Under Rule 70(a) of the Federal Rules of Civil Procedure, when a "party fails to comply within the time specified" with "a judgment requir[ing the] party . . . to perform any . . . specific act, . . . the court may order the act to be done—at the disobedient party's expense—by another person appointed by the court." FED. R. CIV. P. 70(a). "When done, [such] act has the same effect as if done by the party." *Id.* Rule 70(a) "specifically authorize[s]" a trustee's appointment "to address [a defendant's] recalcitrance." *Columbia Gas Transmission Corp. v. Mangione Enters. Of Turf Valley, L.P.*, 964 F. Supp. 199, 200, 204 (D. Md. 1996).

A district court may also appoint a receiver for a defendant who refuses to comply with court orders pursuant to its inherent equitable authority. *See Latney's Funeral Home, Inc.*, 41 F. Supp. 3d at 36 ("Along with the ability to impose coercive and compensatory fines, a federal court's equitable powers include the ability to appoint a receiver to enforce compliance with the law."); *United States v. Bartle*, 159 F. App'x 723, 725 (7th Cir. 2005) ("Appointment of a receiver is authorized by the inherent equitable power of a federal court . . . . [T]he district court did not abuse its discretion when it appointed a receiver."); *see also Morgan v. McDonough*, 540 F.2d 527, 533 (1st Cir. 1976) ("[C]ontempt proceedings and further injunctions were plainly not

very promising, as they invited further confrontation and delay; and when the usual remedies are inadequate, a court of equity is justified, particularly in aid of an outstanding injunction, in turning to less common ones, such as a receivership, to get the job done."); *SEC v. Koenig*, 469 F.2d 198, 202 (2d Cir. 1972) (affirming a district court's appointment of a receiver to manage a corporation where a defendant violated an injunction); *SEC v. Levine*, 671 F. Supp. 2d 14, 36 (D.D.C. 2009) (noting, in the context of an SEC enforcement action, that "when defendants continue to violate court orders, and there is no one who is responsible, willing, and able to manage a company in compliance with the federal securities laws, the appointment of a receiver is necessary" (internal quotation marks omitted)); *SEC v. Universal Express, Inc.*, No. 04-cv-2322 (GEL), 2007 WL 2469452, at *12 (S.D.N.Y. Aug. 31, 2007) (same).

Appointment of a trustee for Poblete and his associated entities and vesting such trustee with authority to execute and record releases, termination statements, and other instruments necessary to confirm that Poblete has no interest in the Property is appropriate under circumstances such as these. *See Bartle*, 159 F. App'x at 725; *Latney's Funeral Home, Inc.*, 41 F. Supp. 3d at 36. Poblete has continued to file documents relating to the Property even after the final judgment issued, and further injunctive or monetary relief likely would be futile. This sanction imposes little hardship on Poblete, restraining him only from continuing to cloud title to the Property—acts he already is enjoined from undertaking.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the plaintiff's Motion for Civil Contempt is granted and the defendants are found to be in civil contempt of the February 2017 Order of this Court. As a sanction for this contempt of court and to enforce the February 2017 Order, (1) the document styled as "UCC Financing Statement" bearing "Doc. #: 2017040352" is VOID; (2) any

8

document that Poblete or his associated entities records with the District of Columbia Recorder of Deeds regarding the Property is VOID and OF NO FORCE OR EFFECT; and (3) plaintiff's counsel, Aaron D. Neal, is appointed trustee for each of the defendants and any of the agents, related entities or any person or entity claiming an interest by or under them with respect to the Property, for the sole and limited purpose of executing and recording any termination statements, releases, or other instruments necessary to confirm that the defendants have no interest in the Property and to assure that any past, present or future documents recorded in the Land Records by or on behalf of the defendants do not cloud title to the Property.

An order consistent with this Memorandum Opinion will be entered contemporaneously.

**SO ORDERED.**

Date: October 19, 2017

_____
BERYL A. HOWELL
Chief Judge